INTERNATIONAL TRAVELERS' ASS'N v.
GUNTHER.　(No. 765–4364.)

(Commission of Appeals of Texas, Section A.
Feb. 10, 1926.)

**1. Insurance ⬳531½, New, vol. 16A Key-No.
Series—Where accident policy was taken out
in addition to another policy prorating other
insurance on same loss, beneficiary held not
entitled to recover full amount of latter pol-
'icy.**

Where policy insuring against death or in-
juries through accidental means provided that,
in case of other insurance on same loss, without
written notice, insured should be entitled to only
a proportional amount of insurance, a rider
in another policy of insured covering loss of
life only when caused by accidental means neces-
sarily covers the same loss as the first policy in
respect to death of insured, and hence benefi-
ciary of insured, on his death by accident, was
not entitled to judgment for full amount of the
first policy.

**2. Insurance ⬳531½, New, vol. 16A Key-No.
Series—Statute held not to prevent stipula-
tion in policy prohibiting recovery in whole or
in part, if other insurance was taken out cov-
ering the same loss.**

Rev. St. 1925, art. 4797, does not prevent
parties to accident insurance contract from stip-
ulating that a failure of insured to give written
notice of other insurance covering the same loss
shall defeat a recovery under the policy in whole
or in part, nor does it prevent such stipulation
from furnishing a legal defense to a recovery on
the policy.

**3. Insurance ⬳531½, New, vol. 16A Key-No.
Series—Provision in statute that insurer's lia-
bility shall be subject to such legal defenses
as it may have against same refers to money
specified.**

In Rev. St. 1925, art. 4797, providing that
insurer shall be liable for full amount stated in
policy, subject to such legal defenses as it may
have against same, the word "same" refers to
sum of money specified, and stipulation in ac-
cident policy, that, if insured carries other in-
surance covering the same loss, without notice,
insurer's liability is reduced in ratio therein
stated, furnishes such a legal defense.

Error to Court of Civil Appeals of Fourth
Supreme Judicial District.

Action by Elenor L. Gunther against the
International Travelers' Association.　Judg-
ment for plaintiff was affirmed by the Court
of Civil Appeals (269 S. W. 507), and defend-
ant brings error.　Reformed and affirmed.

Seay, Seay, Malone & Lipscomb, of Dallas,
and Mann, Neel & Mann, of Laredo, for
plaintiff in error.

Hicks, Hicks, Dickson & Bobbitt, of San
Antonio, and R. D. Wright and S. T. Phelps,
both of Laredo, for defendant in error.

BISHOP, J.　On May 8, 1922, the plaintiff
in error, International Travelers' Associa-
tion, a mutual assessment accident insurance
home company, incorporated under chapter 5,
title 71, of the Revised Civil Statutes of 1911
(chapter 6, title 78, R. C. S. 1925), issued the
accident and health policy involved in this
suit, insuring John F. Gunther against death
or injury through accidental means.　This
policy provided for indemnity in case of
death by accident in the sum of $6,000, pay-
able to his estate, and in article 10, section
17, contained a provision as follows:

"If the insured shall carry with another com-
pany, corporation, association, or society other
insurance covering the same loss without giving
written notice to the association, then, in that
case the association shall be liable for only
such portion of the indemnity promised as the
said indemnity bears to the total amount of like
indemnity in all policies covering such loss, and
for the return of such part of the premium paid
as shall exceed the pro rata for the indemnity
thus determined."

While this policy was in force as a binding
obligation, on October 7, 1923, John F. Gun-
ther was fatally injured by being thrown
from an automobile in which he was riding,
and died as a result thereof on October 9,
1923.　His wife, Elenor L. Gunther, is his
sole surviving heir.　Shortly after his death
she made application, and was appointed
temporary administratrix of his estate, with
authority to collect the amount due under
this policy, and she duly qualified as such
temporary administratrix.　She gave due
notice of the injury and death of her hus-
band, and within the time provided by the
policy furnished all necessary proof of in-
jury and death, and requested payment of
said policy in the sum of $6,000.

At the time of his death, John F. Gunther
carried a life insurance policy in the Bank-
ers' Life Company of Des Moines, Iowa.　This
policy insured him against death from any
cause in the sum of $5,000.　Attached to this
policy is a rider termed "agreement for dou-
ble indemnity benefit."　By the terms of this
rider, for "an additional premium of $5.00
per annum, payable until the expiration of
the policy year nearest the sixtieth anniver-
sary of" the birth of John F. Gunther, he
was insured in the sum of $5,000, in addition
to the $5,000 provided for in said policy,
against death "resulting directly and inde-
pendently' of all other causes from bodily
injury effected solely through external, vio-
lent and accidental cause," in case death
should "occur within sixty days after sus-
taining such injury and before the expira-
tion of the year nearest the sixtieth anniver-
sary of his birth."

After the death of John F. Gunther, the
$5,000 provided for in said policy, and also
the additional $5,000 provided for in the
rider attached thereto, were paid to Elenor
L. Gunther by Bankers' Life Company.　No

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

written notice was given the International Travelers' Association of the insurance carried in the rider attached to the Bankers' Life Company policy, nor did it have any notice thereof.

She, as temporary administratrix of the estate of her deceased husband, filed this suit in the district court of Webb county against plaintiff in error to recover the $6,000 provided for in its accident policy. It admitted liability under the terms of the policy, but alleged that the insurance in the sum of $5,000 provided for in the rider attached to the Bankers' Life Company policy was "insurance covering the same loss" as that provided for in the policy upon which recovery was sought, and that under the provision contained in article 10, section 17, above quoted, it was liable only for the proportionate sum which $6,000 bears to $11,000, the total amount covered by this policy and the rider attached to the Bankers' Life Company policy, and the amount of the premiums paid by John F. Gunther in excess of that required for the payment of premiums on this proportionate sum.

The trial court rendered judgment for defendant in error for the full amount stated in the policy here involved, and this judgment was affirmed by the Court of Civil Appeals. 269 S. W. 507.

[1] The only question here presented by plaintiff in error is whether the insurance carried by John F. Gunther in the rider attached to the Bankers' Life Company policy covers the same loss as that covered by its policy. If it does, the judgments here rendered are erroneous, and should have been for the sum of $3,308.24 only. The rider covers loss of life only when caused by accidental means, and the policy involved in this suit covers loss of life under no other contingency. The two overlap in the only contingency provided by the rider. As to the loss of life, their coverage is identical, and the rider covers no other loss. The rider covers no loss in any respect in which same is not also covered by this policy. Therefore, they both necessarily cover the same loss in respect to the death of John F. Gunther.

[2] Defendant in error claims that article 4807 of chapter 5, title 71, of the Revised Civil Statutes of 1911 (article 4797, chapter 6, Revised Civil Statutes 1925), renders void the stipulation contained in section 17, article 10, of this policy to the effect that, if the insured is carrying other insurance covering the same loss, without giving notice, then its liability would be reduced in the ratio therein stated.

This article is as follows:

· "Every policy or certificate issued by any such corporation shall specify the sum of money which it promises to pay upon the contingency insured against, and the number of days after the receipt of satisfactory proof of the happening of such contingency at which such payment shall be made; 'and, upon the happening of such contingency, such corporation shall be liable for the payment of such amount in full at the time so specified, subject to such legal defenses as it may have against same; provided, that, if the sum realized by it from assessments made in accordance with its by-laws to meet such payment, together with such other sums as its by-laws may provide shall be used for that purpose shall be insufficient to pay such sum in full, for which it is so liable, then the payment of the full amount so realized shall discharge such corporation from all liability, by the reason of the happening of such contingency, and in that event such corporation shall be liable only for the amount so actually realized."

[3] This article provides that the corporation shall be liable for the full amount stated in the policy, "subject to such legal defenses as it may have against same." The word "same" here used refers to and means the sum of money specified. There is nothing in this article to indicate that the parties to the contract of insurance may not make and stipulate in the contract a provision that a failure of the insured to give written notice of other insurance covering the same loss should defeat a recovery under the policy either in whole or in part, and prevent such stipulation from furnishing a legal defense to a recovery under the policy, or to a recovery of a portion of the sum of money specified therein. The provision that the "corporation shall be liable for the payment of such amount in full" is "subject to such legal defenses as it may have," and the stipulation contained in this policy, under the evidence, furnishes such a legal defense. We are not aware of any rule of construction which would permit a holding that it was the intention of the Legislature in enacting this article to prohibit the parties to a policy contract from making and expressing in the policy an agreement that the insurer shall only be liable for a designated portion of the amount required to be stated on the failure of the insured to give such written notice, and must, therefore, conclude that this stipulation is valid and binding on defendant in error.

We cannot agree with the holding of the Courts of Civil Appeals in the cases of International Travelers' Association v. Branum, 169 S. W. 389, and Francis v. International Travelers' Association, 260 S. W. 938 (writ of error granted and cause now pending), on this question. When other articles composing chapter 5, title 71, of the Revised Civil Statutes of 1911 (chapter 6, title 78, of the Revised Civil Statutes of 1925), and under which the International Travelers' Association was incorporated, are taken into consideration, we are not warranted in holding that the purpose of this article was to prevent limitations upon liability to an amount below the face value of the policy. Such purpose is not expressed, and, to imply

it, we must resort to speculation and conjecture.

The judgment should be so reformed as to allow defendant in error recovery for the sum of $3,308.24 tendered by plaintiff in error, and, as reformed, affirmed, the judgment to bear no interest prior to the date of affirmance.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the district court reformed and affirmed, as recommended by the Commission of Appeals.