## UNITED BENEFIT LIFE INS. CO. OF OMAHA v. ZWAN.

### No. 14122.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 11, 1940.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

Butler & Price, of Tyler, for appellee.

BROWN, Justice.

Appellee, Zwan, obtained a life insurance policy from appellant, United Benefit Life Insurance Company, in the sum of $5,000, and on written application of the insured,

the contract was enlarged by a "rider", or supplemental contract, providing for benefits for total and permanent disability resulting from bodily injuries or disease. The contract entered into by the "rider" is:

"Benefits for Total and Permanent Disability.

"Insuring Clause—United Benefit Life Insurance Company (hereinafter called Company) hereby insures (subject to all the provisions and conditions hereinafter contained) Abdallah Moron Zwan, of Crowley, Louisiana (hereinafter called Insured), against permanent and total disability beginning while this endorsement is in full force and before the Insured shall have attained the age of sixty (60) years, and resulting from bodily injuries sustained or disease contracted while this endorsement is in full force and it is understood and agreed that this endorsement is made a part of and attached to Life Insurance Policy. No. 136982 issued by this Company upon the life of the insured.

"Disability Benefits. Upon receipt of due proof of such permanent and total disability of the Insured (provided that such disability shall already have continued uninterruptedly for a period of at least four months), the Company, during the continuance of such disability, will

"Waiver of Premiums—Waive the payment of each premium falling due after the commencement of such disability, provided the first premium to be waived shall not be a premium which fell due more than six months prior to notice of claim, and

"Monthly Income—Pay to the Insured a monthly income of $10.00 for each $1,000.00 of the face amount of said policy, such monthly income to be paid for each completed month of such disability, beginning thirty days prior to notice of claim.

"Standard Provisions.

"1. Total disability is defined to be total incapacity (resulting from bodily injury or disease) to engage in any occupation for remuneration or profit.

"2. Total disability which has been continuous for not less than four months shall be presumed permanent but only for the purpose of permitting commencement of liability hereunder.

\*      \*      \*      \*      \*      \*

"4. Written notice of claim must be given to the Company during the lifetime of the Insured and during the period of disability. Failure to give such notice shall invalidate any claim unless it shall be shown not to have been reasonaby possible to give such notice and that notice was given as soon as was reasonably possible.

"Miscellaneous Provisions.

"a. The Company may from time to time in its discretion, require due proof of the continuance of disability for which claim shall have been allowed, including examination of the Insured at reasonable intervals. If the Insured shall fail to furnish such proof, or if the Insured shall become able to perform any work or engage in any occupation or business for compensation, or profit, the monthly income herein provided shall immediately cease as of the end of the last completed month of total disability and all premiums thereafter due shall be payable according to the terms of said policy and this endorsement.

"b. This endorsement shall not cover, and neither waiver of premium nor payment of monthly income shall be made if, on the date disability begins or on the date the injuries or sickness causing disability are sustained or contracted, the said policy shall be in force by virtue of any non-forfeiture provision thereof; or if disability results from participation in aeronautics as a passenger, pilot or otherwise; or is sustained while Insured is in the Military or Naval service in time of war; or if such disability shall result wholly or in part from injuries intentionally inflicted by the Insured.

"c. No provision of said policy shall be held or deemed to be a part hereof, unless such provision be specifically referred to herein.

"d. In no event shall monthly income be payable for any part of the first three months of such permanent and total disability, or for any fractional part of a month thereafter.

"e. This endorsement may be cancelled by the Insured on the due date of any premium, by written request to the Company, together with the return of this endorsement. If the Insured is a female this endorsement may be cancelled at any time by the Company after her marriage by written notice and refund of the unearned portion of any premium covering the unexpired term of this endorsement. The beneficiary named in said policy shall have no right nor interest in or under this endorsement and the Insured may at any

time release the Company from any and all liability then existing or thereafter accruing hereunder.

"f. The consideration for this endorsement is the application for said policy and the statements and answers therein contained which are the basis for the issuance hereof, and the quarter-annual premium of Six & 65/100 ($6.65) Dollars, payable concurrently with, and under the same conditions as the regular premium for said policy. If premiums continue to be payable under the terms of said policy after the Insured attains the age of sixty years, this endorsement shall, nevertheless, terminate and the additional premium on account hereof shall cease to be payable, both on the first premium due date after the Insured's sixtieth birthday. This endorsement shall automatically terminate and be of no further force or effect if any premium on said policy or on this endorsement shall remain unpaid at the end of any period of grace allowed under said policy, or if said policy be surrendered or converted under one of its non-forfeiture provisions or otherwise terminated and thereafter the premium above designated shall be no longer payable. The acceptance of any premium hereunder after the Insured's sixtieth birthday shall not be construed as a waiver by the Company, and shall impose no liability hereunder except the obligation to refund the amount of such premium plus interest thereon at the rate of 3-1/2 per cent per annum.

"g. The provisions of said policy governing reinstatement shall apply hereto except that this endorsement may be reinstated only concurrently with said policy; and as reinstated it shall cover only such permanent and total disability as shall result from bodily injuries sustained or sickness contracted after the date of such reinstatement.

"h. If said policy contains any convertible feature, the Insured may not convert the policy to a higher premium plan during the continuance of disability.

"i. If the aggregate monthly amount payable to the Insured on account of disability under this contract and all other insurance contracts held by him, exceed eighty per cent of his monthly earned income at date of disability, there shall be a proportionate reduction of income payments hereunder accompanied by return of premiums paid on the amount of such reductions. The average monthly income at date of disability shall be determined by computing the mean average earned income per month during the twelve calendar months immediately preceding the date of beginning of disability.

"j. No change in, nor alteration of this endorsement shall be valid unless endorsed hereon and signed by an executive officer of the company.

"In witness whereof, the United Benefit Life Insurance Company has caused this endorsement to be executed this 3rd day of December, 1935."

In appellee's application for such insurance he specifically stated that he then had such insurance in two other companies.

Claiming to have become totally and permanently disabled, appellee made his proof and appellant began to pay him, under the provisions of his contract, indemnity at the rate of $50 per month, but stopped such payments, whereupon appellee brought suit in a justice of the peace court for three monthly instalments then alleged to be past due, and the statutory damages and attorney's fees. Having recovered in the justice of the peace court, an appeal was taken to the County Court, in which, by a trial de novo, the County Court of Smith County (a jury being waived) rendered judgment for appellee.

The cause was appealed to the Texarkana Court of Civil Appeals and was by the Supreme Court transferred to us.

Seven propositions, under six assignments of error, are presented.

The first contends that: "In view of the policy provision that, if the monthly benefit payable thereunder and under all other insurance contracts held by him exceed 80 per cent of his monthly earned income at date of disability, there shall be a proportionate reduction of income payments thereunder, the burden of proof was on plaintiff to prove that such aggregate monthly benefits did not exceed 80 per cent of his monthly earned income at date of disability; and, since he made no showing whatever in that respect, he was not entitled to recover; and the court erred in rendering judgment in his favor in any amount."

The second proposition contends that since the contract contains the provision mentioned, "even if the burden was on the defendant to prove that such aggregate monthly benefits did exceed 80 per cent of plaintiff's monthly earned income at date of disability, defendant satisfied such burden

by questioning plaintiff, who was the sole repository of the facts, in detail concerning his monthly earned income and providing him every reasonable opportunity to divulge such information, and plaintiff declined to do so. Therefore, the court erred in rendering judgment in favor of plaintiff for any amount."

The third proposition contends that such a provision in the contract as that above mentioned, "is reasonable and should be given effect by the courts."

The fourth contends that since, "The petition did not allege that the disability did not come within any of the exceptions, limitations or exclusions from liability included in the policy endorsement sued on * * * the court erred in overruling appellant's general demurrer."

The fifth contends that in the face of such provisions in the contract, "appellee neither alleged nor proved that the disability did not come within such exceptions, limitations and exclusions from liability", therefore the plaintiff "showed no right of recovery, and it was error for the court to render judgment in his favor for any amount."

The sixth and seventh propositions contend that appellant's plea in abatement bottomed on the provision in the policy that the insurer may from time to time require due proof of the continuance of liability, including examination of the insured at reasonable intervals, and that if the insured fails to furnish such proof the monthly income shall cease, and it appearing that appellant made a reasonable request of appellee for an examination by a Dr. Cox of Dallas, Texas, and offered to pay all reasonable expenses of such trip, and appellee having refused to comply with such request, such plea was well taken; and that the trial court erred in rendering judgment for appellee, under such circumstances.

■■■ We are constrained to sustain the first, second and third propositions.

It is true that, in his application for the indemnity insurance, appellee informed appellant that he was carrying such similar insurance with other companies, but it is likewise true that appellee contracted in unambiguous and definite language that if the aggregate monthly amount payable to him on account of disability under his contract and all other insurance contracts held by him exceed 80 per cent of his monthly earned income at the date of his disability, there should be a proportionate reduction of income payments under his contract and

that there should be returned to appellee the premiums paid to the insurer on the amount of such deductions.

We see nothing unreasonable in this provision of the contract and it is so worded that the insured receives exactly what he pays for. International Travelers' Ass'n v. Gunther, Tex.Com.App., 280 S.W. 172 (approved by Supreme Court); Inter-Ocean Casualty Co. v. Lenear, Tex.Civ.App., 95 S.W.2d 1355, writ dismissed.

We see no reasonable distinction between a provision for such a deduction where the insurance is carried without notice and a provision such as is before us which clearly shows notice of other similar insurance carried with other companies.

We believe that the character of insurance carried by appellee is that which is provided for an active man capable of earning a livelihood, who, since he entered into the contract, has suffered disability to earn a livelihood.

Appellee, by his own testimony, discloses that he made an income tax return to the United States Revenue Collector, which covers the period provided for in his contract, and when called upon to produce the proof concerning his income from all sources, he failed to produce either a copy of his income tax statement or any other satisfactory proof of his income and earnings. He rather evaded the questions, or else gave very general answers thereto.

In Black's Law Dictionary, 2nd Edition, we find that "earnings" are defined as, "the gains of the person derived from his services or labor without the aid of capital". The text cites Brown v. Hebard, 20 Wis. 326, 330, 91 Am.Dec. 408, and Hoyt v. White, 46 N.H. 45, 48.

The U. S. Revenue Act, following such a conception of earned income, declares: "'Earned income' means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered." 26 U.S.C.A. Int. Rev.Code, § 25(a) (4).

■■■ We are also of opinion that under the provisions of the contract sued upon it was necessary for appellee both to plead and prove a state of facts which show him entitled to the entire monthly payment of $50. International Travelers Ass'n v. Marshall, 131 Tex. 258, 114 S.W.2d 851.

In this connection, we are of opinion that appellee should plead and prove, as is held in the case just cited, that his claim

for disability does not come within any of the exceptions, limitations or exclusions from liability, which are provided for in the contract, and the fourth and fifth propositions are therefore well taken.

We see no merit in the sixth and seventh propositions.

■ We do not believe that appellee is required, under his contract, to make a trip to Dallas or to any other place, away from his home, for the purpose of being examined. He has been examined by several physicians and they are in accord on the question of his disability.

There does not appear to be an "insuperable barrier" to a recovery by appellee, and we reverse the judgment of the trial court and remand the cause for a new trial.