NATIONAL SECURITY LIFE & CASUAL-
TY CO. v. BENHAM.

No. 6087.

Court of Civil Appeals of Texas.
Amarillo.

Sept. 25, 1950.

Rehearing Denied Oct. 30, 1950.

Chaney & Davenport, Dallas, for appellant.

Ratliff, Conner & Walker, Spur, for appellee.

LUMPKIN, Justice.

On October 15, 1949, the appellant, National Security Life & Casualty Company, issued a policy of insurance to the appellee, G. A. Benham, Jr. The policy provided, among other things, that the appellant would pay the appellee $1000 in the event the appellee's infant daughter, Nandra Sue Benham, lost her life as a result of injuries "sustained through purely accidental means."

On the night of November 19, 1949, the appellee, his wife, and Nandra Sue were visiting friends at San Angelo, Texas. Nandra Sue was two months and nineteen days old. About midnight the appellee and his family retired to their hotel room and went to bed. All three were in a double bed, the child between her parents. Nandra Sue was a breast baby. At about 4 a. m., November 20, the child was fed by the mother and showed every indication of being a normal, healthy child. At about 9:30 a. m., the appellee awoke and noticed that something was wrong with his daughter. He awakened his wife. At the appellee's request the hotel clerk called Dr. George L. Nesrsta. After examining the baby and questioning the parents the doctor pronounced the child dead. In Dr. Nesrsta's opinion Nandra Sue had died of suffocation.

In due time the appellee made proof of his daughter's death and applied for the benefits described in appellant's policy of insurance. On January 11, 1950, one T. W. Browning, an adjuster for appellant, called on the appellee. Without having any information as to the cause of the child's death, other than a notice from the appellee that she had died from accidental suffocation, Browning disputed appellee's claim and represented that the term "bodily injuries," as used in the insurance policy, meant an open or gaping wound. Browning assured the appellee that he was not entitled to recover anything under the terms of the policy but that in his opinion the insurance company should assist in defraying Nandra Sue's funeral expenses. He offered the appellee the sum of $500 to settle the claim. Further, Browning informed the appellee and his wife that if they did not accept the proffered $500, the insurance company would not pay them anything. The appellee agreed to accept Browning's offer. In return for a draft on appellant for $500, which he cashed, the appellee executed a release of all claims arising out of his daughter's death. Later, the appellee filed this suit to recover the additional $500 the appellee alleged is due

him under the terms of the policy of insurance.

In his petition the appellee alleged that his daughter had died from injuries received through purely accidental means, i.e., that his daughter had accidentally suffocated. The appellant answered with a general denial and alleged that the payment of the $500 to the appellee by the adjuster Browning was in satisfaction of any claim the appellee might have against the appellant because of Nandra Sue's death.

In a supplemental petition the appellee pleaded that the release obtained by Browning had been procured through misrepresenting the meaning of the term "bodily injuries" and that the appellant had not acted in good faith in questioning the existence of its liability and attempting to settle the claim for less than the benefits prescribed by the policy. The appellee pleaded that the agreement or settlement alleged by the appellant was not supported by any consideration. The appellant denied these allegations.

In answer to special issues the jury found that Browning had acted with deceit when he represented to the appellee that the term "bodily injuries," as used in the insurance policy, meant a gaping wound, and the jury found that it was only because of such representations that the appellee agreed to sign the settlement papers. Furthermore, the jury determined that the appellant had not acted in good faith in questioning the company's liability under the contract of insurance and that at the time of the settlement there did not exist a bona fide dispute between the parties concerning the facts surrounding Nandra Sue's death. The court did not submit an issue as to the cause of Nandra Sue's death. The court ordered the release canceled and entered judgment in favor of appellee in the amount of $500. The appellant excepted to this judgment and has duly perfected its appeal to this court.

The appellant attacks the sufficiency of the evidence on the question of whether Nandra Sue died from bodily injuries sustained through purely accidental means and insists that the court erred in not submitting the issue of cause of death to the jury. The insuring clause of appellant's policy reads in part: "National Security Life and Casualty Company * * * does hereby insure * * * Nandra Sue Benham * * * against loss of life * * * sustained through purely accidental means."

A portion of part B of the policy states: "If the insured or any dependent insured hereunder shall sustain bodily injuries * * * which injuries shall independently and exclusively of disease and all other causes, continuously and wholly disable the insured or such dependent from the date of the accident and result in any of the following specific losses within thirty days, the Company will pay for the loss of: Life —$1,000.00."

Dr. Nesrsta testified that in forming his opinion as to the cause of Nandra Sue's death, he took into consideration the statements made by the parents as well as his own observations. On cross-examination he stated that if he should disregard the statements made by the parents then he would say that Nandra Sue could have died from a respiratory congestion as well as from suffocation. The appellant insists that a respiratory congestion could be the result of a disease, such as diphtheria, and that in the absence of a jury finding the court erred in holding Nandra Sue's death accidental within the provisions of the insurance policy.

The insurance company did not specifically allege that the child's death was the result of a disease, such as diphtheria or colic, but instead relied upon a general denial. Since the appellant did not plead an affirmative defense, the court did not err in failing to submit an issue thereon. Prior to the adoption of the Texas Rules of Civil Procedure, the plaintiff in an action on an insurance policy had the burden of alleging and proving that the insured's death was by accident and that the insured's death did not come within the exceptions named in the policy which specifically exempted the insurance company from liability. International Trave-

lers Ass'n et al. v. Marshall, 131 Tex. 258, 114 S.W.2d 851. With the adoption of Rule 94, however, this rule was changed to relieve the plaintiff of the burden of alleging that death was not due to a result or cause coming within any of the exceptions listed in the policy and made it incumbent upon the insurer to specifically allege a particular exception, if the insurer wished to urge such a particular exception as a defense.

In our opinion the clause found in the policy which reads, "independently and exclusively of disease and all other causes," constitutes an exception and limitation to the general liability as set forth in the insuring clause. The appellant did not plead such an exception and therefore is not entitled in the trial court or in this court to the defense that the child died of a disease or other natural causes. Sovereign Camp of the Woodmen of the World v. Douglas, Tex.Civ.App., 172 S.W.2d 982, writ dism.; Reid v. Associated Employers Lloyds, Tex.Civ.App., 164 S.W.2d 584, writ ref.; Camden Fire Ins. Ass'n v. Moore, Tex.Civ.App., 206 S.W.2d 104, writ ref. n.r.e.; National Life & Accident Ins. Co. v. Leverett, Tex.Civ.App., 215 S.W.2d 939, dism.; Providence Washington Ins. Co. v. Cooper, Tex.Civ.App., 223 S.W.2d 329, writ. ref. n.r.e.

But aside from the appellant's failure to plead as prescribed by Rule 94, in our opinion the trial court did not err in holding as a matter of law that Nandra Sue died of bodily injuries sustained through purely accidental means.

The evidence supporting the court's implied finding as to cause of death is to be found only in Dr. Nesrsta's testimony. The appellant claims that the court erred in permitting Dr. Nesrsta to testify over objection as to the cause of death. It cites Reed v. Barlow, Tex.Civ.App., 157 S.W. 2d 933, writ ref., in which it is held that the opinion of an expert witness—such as Dr. Nesrsta—is not admissible if based upon facts and circumstances gleaned from ex parte statements of third persons and not established by legal evidence before a jury trying the ultimate issues to which the opinion relates.

Dr. Nesrsta stated that the baby had been dead for about two hours at the time he examined her; that the discoloration of the skin on the chest and face was such as would show death by suffocation; that the child's parents told him they could not awaken her; that they were not certain she was dead but feared she might be; that he took into consideration the parents' statements in arriving at his opinion as to the cause of death; and that in the absence of any history upon the subject, the physical evidence would indicate death by respiratory congestion as well as it could death by suffocation. The doctor's testimony was admissible. While an expert cannot be allowed to express an opinion based on hearsay, nevertheless he may give an opinion which is based in whole or in part on statements made to the expert by others, where the evidence shows that the statements are true. 20 Am.Jur. 661. Dr. Nesrsta's opinion was based in part upon his own observation and to some degree upon the statements made by the parents as to the circumstances surrounding the child's death, all of which were shown by the undisputed evidence to be true. Although the doctor testified that the symptoms observed by him could have indicated death by respiratory congestion as well as death by suffocation, he did state that he had considered the parents' statements in arriving at his opinion that the baby died from suffocation. Houston & Texas Central Ry. Co. v. Rutland, 45 Tex.Civ.App. 621, 101 S.W. 529, writ. ref. The doctor's testimony is not controverted. Upon questions about which there is no controversy and with reference to which only one conclusion can be drawn, it is not necessary for a court to submit special issues. Malone et al. v. City of Plainview, Tex.Civ. App., 127 S.W.2d 201; 41 Tex.Jur. 1137.

The appellant assails the action of the trial court in setting aside the release given the adjuster Browning in compromise and settlement of appellee's claim. Likewise, the appellant assigns as error the court's action in considering the jury's

finding that no bona fide dispute existed between the parties at the time of their settlement. The appellant contends that both parties are presumed to know the law and cites the general rule that fraud cannot be predicated upon misrepresentations as to matters of law. Thus, the appellant argues, when Browning informed the appellee that the words "bodily injuries" meant a gaping wound, the adjuster was merely expressing his opinion as to the legal interpretation which should be given this portion of the insurance contract.

Generally speaking, fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law. This rule, however, is subject to exceptions.

The exception announced by the Supreme Court in Safety Casualty Co. v. McGee, 133 Tex. 233, 127 S.W.2d 176, applies to this case. In that case the court held that relief may be predicated upon misrepresentations of law where one who himself knows the law deceives another by misrepresenting the law to him; or where one who knows the law takes advantage of another whom he knows to be ignorant of the law; or where such other person relies on the supposed superior knowledge and experience of the person making the representations as to his knowledge of the law.

In this case Browning represented to the appellee and his wife that he was well acquainted with the law surrounding the interpretation of the words "bodily injuries." The appellee depended upon the information and assurances given him by Browning, and because of these representations he agreed to the settlement. Browning did not deny making such representations but only said that he could not remember having done so. A settlement and release obtained through false representations may be set aside. The appellant's point of error is overruled. 24 Tex.Jur. 1170; Texas State Highway Dept. v. Kinsler, Tex.Civ.App., 230 S.W.2d 364.

Likewise, the evidence is sufficient to support the jury's finding that a bona fide dispute did not exist between the parties at the time of the settlement. Browning admitted that he made no investigation of appellee's claim. He said that he hadn't read the claim and statement before he tried to settle the case and that he knew nothing about the facts and circumstances concerning the child's death.

The case of Texas Mutual Life Ins. Ass'n v. Young, Tex.Civ.App., 150 S. W.2d 473, 476, writ dism., holds that if there is no bona fide dispute as to the amount due on an insurance policy, there is no consideration for a release of the amounts due over and above what is actually paid. The following quotation in that case is pertinent to the facts in this case: "We cannot say, under the evidence before us, and in the face of the findings of the jury to the contrary, that there was ever any bona fide controversy between the parties either as to appellant's liability or as to the amount thereof. Therefore, in the absence of any consideration for the claimed release of a balance due on a liquidated demand, and in the absence of any good faith dispute concerning the same, we overrule appellant's contention that its previous payment, under the circumstances shown, constituted an accord and satisfaction between the parties."

The appellee's claim was a liquidated demand for $1000. The full amount of the debt was not paid when the appellee received appellant's check for $500. Since it appears that no additional consideration was paid appellee for the remainder of his demand, no accord and satisfaction resulted and the trial court did not err in canceling the release given in compromise of appellee's claim. Turner v. Pugh, Tex. Civ.App., 187 S.W.2d 598.

We have carefully examined the record in this case. We find no reversible error. Therefore, we overrule all the appellant's points of error and affirm the judgment of the trial court.