INTERNATIONAL TRAVELERS ASSOCIATION ET AL. V. MRS. GRACE MARSHALL.

No. 7150.   Decided March 30, 1938.
(114 S. W., 2d Series, 851.)

*Head, Dillard, Maxey, Freeman & McReynolds,* of Sherman, and *Malone, Lipscomb, White & Seay,* of Dallas, for plaintiffs in error.

On the question of the burden of proof resting upon plaintiff to prove that the death was the result of an accident and to negative that the accident did not come within the exceptions. East Texas Fire Ins. Co. v. Dyches, 56 Texas 565; American Ins. Co. v. Hopkins, 89 S. W. (2d) 293; Phoenix Ins. Co. v. Boren, 83 Texas 97, 18 S. W. 484.

It was error for the trial court to submit a charge defining the word "accident," because under the circumstances of this case, and under the insuring clause of the policy, as well as under the pleadings of the plaintiff, death by accident was immaterial and no charge was necessary, in the light of no issue having been submitted to the jury as to whether death resulted from accidental means. 24 Tex. Jur. 1028; Speer's Law of Special Issues, 124, 237; Southwestern Bell Tel. Co. v. Burris, 68 S. W. (2d) 542.

*Hamp P. Abeny,* of Sherman, and *Ocie Speer,* of Austin, for defendant in error.

MR. JUSTICE SHARP delivered the opinion of the Court.

Mrs. Grace Marshall filed this suit against the International Travelers Association and the International Travelers Assurance Company, to recover on an accident policy issued to her husband, William Wright Marshall. It was alleged that the insured was engaged in moving a threshing machine out of a warehouse, used in connection with his business, and in order to move such thresher he and his helpers used a crowbar, and that the crowbar slipped and struck the insured, or caused him to fall, which resulted in his death.

The cause was submitted to a jury on special issues, and by reason of the jury's answers to such special issues the trial court rendered judgment for plaintiff against the defendants for $5000.00, with interest thereon at the rate of six per cent. per annum, and all costs. This judgment was affirmed by the Court of Civil Appeals at Dallas. 94 S. W. (2d) 558. For a more detailed statement of the case, we refer to the opinion of the Court of Civil Appeals. We will also designate the parties herein as they were designated in the trial court.

A writ of error was granted on the contention that the plaintiff had not met the burden resting on her, in order to recover judgment against the defendants, by alleging and proving that the death of William Wright Marshall was by accident and that such death did not come within the exceptions described in the policy.

Section 2 of Article XI of the policy issued to William Wright Marshall, and which forms the basis of this suit, reads:

"The accident insurance under this policy does not cover injury, fatal or otherwise, sustained by the insured prior to 12 o'clock noon, Standard Time on the date hereof; or any injury received directly or indirectly as a result of, or that is contributed to, by insured violating any law; being in any degree under the influence of a narcotic or intoxicating liquor; or while insane; or by the act of any person (sane or insane) done to injure the insured, except for the sole purpose of burglary or robbery; or while enlisted or while acting as a sailor or soldier or aeronaut engaged in naval, military service or while riding or as the result of riding in a hydroplane, aeroplane or balloon; or from disease or medical or surgical treatment resulting therefrom or therefor; or ptomaine poisoning; or riding or driving in any automobile race. Said benefits do not cover the disappearance of insured."

Plaintiff alleged, as the basis for her recovery on such policy, as follows: "And said injuries resulted directly, independently, and exclusively of all other causes in producing peritonitis, and as the direct and proximate result of said injuries so accidentally received and exclusively of all other causes, he continued sick and unable to work until June 27, 1933, when he died as a result of peritonitis so caused by said injuries received by him suffered through accidental means as herein alleged."

Defendants urged a general demurrer to plaintiff's petition, which was overruled by the trial court. Complaint is made of such holding. The Court of Civil Appeals held that the petition was good against the general demurrer, and that the pleadings were sufficient to support the judgment rendered by virtue of the rule announced in the following cases: East Texas Fire Ins. Co. v. Dyches, 56 Texas 565; Burlington Ins. Co. v. Rivers, 9 Texas Civ. App. 177, 28 S. W. 453.

It was also held that the exceptions contained in the policy were not required to be negatived, in the absence of a special exception raising that question. That such holding of the Court of Civil Appeals is clearly in conflict with the rule announced

by this Court and certain other courts of civil appeals, and by courts of many other jurisdictions, is not questioned.

1  It has long been held that in a case of this kind the burden rests upon the plaintiff to allege and prove that the death of the insured was by accident, and did not come within the exceptions named in the policy. In order to sustain a judgment based on such policy, plaintiff must negative, by allegation and proof, the exceptions which under the terms of the policy specifically exempt the company from liability. It appears from this record that plaintiff, having failed to make such allegations, by showing that the death of William Wright Marshall came within the general liability assumed by the insurer, and that it did not come within the excepted causes stated in the policy, did not meet the burden placed upon her. We cite below some of the decisions which support this rule: Pelican Ins. Co. v. Troy Co-op. Assn., 77 Texas 225, 13 S. W. 980; Phoenix Ins. Co. v. Boren, 83 Texas 97, 18 S. W. 484; Travelers' Ins. Co. v. Harris, (Tex. Com. App.) 212 S. W. 933; Coyle v. Palatine Ins. Co., (Tex. Com. App.) 222 S. W. 973; International Travelers Assn. v. Bettis, 120 Texas 67, 35 S. W. (2d) 1040; American Ins. Co. v. Maddox, (Tex. Civ. App.) 60 S. W. (2d) 1074; Washington Fidelity National Ins. Co. v. Williams, (Tex. Com. App.) 49 S. W. (2d) 1093; Fidelity-Phoenix Fire Ins. Co. v. Two States Telephone Co., (Tex. Civ. App.) 289 S. W. 726; Northwestern National Ins. Co. v. Westmoreland, (Tex. Civ. App.) 215 S. W. 471; Northwestern National Ins. Co. v. Mims, (Tex. Civ. App.) 226 S. W. 738; Georgia Home Ins. Co. v. Trice, 70 S. W. (2d) 356; Maryland Casualty Co. v. Hudgins, 97 Texas 124, 76 S. W. 745, 64 L. R. A. 349, 104 Am. St. Rep. 857, 1 Ann. Cas. 252; Maryland Casualty Co. v. Glass, 29 Tex. Civ. App. 159, 67 S. W. 1062; Fidelity & Casualty Co. v. Weise, 182 Ill. 496, 55 N. E. 540; American Accident Co. v. Carson, 99 Ky. 441, 36 S. W. 169, 34 L. R. A. 301, 59 Am. St. Rep. 473; Tolmie v. Fidelity & Casualty Co., 95 App. Div. 352, 88 N. Y. Supp. 717, affirmed 183 N. Y. 581, 76 N. E. 1110; Travelers' Ins. Co. v. McConkey, 127 U. S. 661, 8 Sup. Ct. 1360, 32 L. Ed. 308; Markland v. Clover Leaf Casualty Co., (Mo.) 209 S. W. 602.

The case of Phoenix Insurance Co. v. Boren, supra, involved the construction of a policy which contained exceptions exempting the company from liability for a loss resulting from fire occurring from certain causes. The petition alleged that the property was destroyed by fire, but it did not allege that the fire was not occasioned by one of the causes exempted by the terms of the policy. Chief Justice STAYTON, speaking for the

Court, said: "As the policy did not bind the company to pay a loss resulting from fire however caused, the petition should have alleged that the fire was not the result of a cause for which the company had expressly refused to be liable. Pelican Ins. Co. v. Co-operative Assn., 77 Texas 225, 13 S. W. 980; May on Ins., 723."

2   The policy involved here insured "against loss resulting from bodily injuries effected directly, independently and exclusively of all other causes, through accidental means." The trial court in submitting issues to the jury, inquiring whether or not the insured sustained bodily injuries by reason of an accident, instead of through accidental means, used the word "accident," instead of the term "accidental means" used in the policy. Since the case will be reversed and remanded for another trial, the issue, or issues, submitted to the jury should contain the term "accidental means," rather than the word "accident," as was used in this instance. For a discussion of the distinction between a death resulting from an accident and one resulting from accidental means, see the following cases: Bryant v. Continental Casualty Co., 107 Texas 582, 182 S. W. 673, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517; Pledger v. Business Men's Accident Assn., (Com. of App.) 228 S. W. 110; International Travelers' Assn. v. Bettis, 120 Texas 67, 35 S. W. (2d) 1040; International Travelers' Assn. v. Francis, 119 Texas 1, 23 S. W. (2d) 282.

The contention is made that the evidence does not support the judgment of the trial court, and that it should be held, as a matter of law, that plaintiff is not entitled to recover on the policy in question. The trial court heard the testimony, and concluded that there was sufficient evidence to raise the issues submitted to the jury, and overruled such contention. The question was also raised in the Court of Civil Appeals, and that court held that there was sufficient evidence to sustain the judgment. This Court is unable to say, as a matter of law, that there is no probative evidence to sustain the judgment of the trial court.

The judgments of the trial court and of the Court of Civil Appeals are hereby reversed, and this cause will be remanded to the trial court for a new trial.

Opinion delivered March 30, 1938.