## GENERAL EXCHANGE INS. CORPORATION v. BOLLES.

### No. 5197.

Court of Civil Appeals of Texas. Amarillo.

Sept. 30, 1940.

Clayton & Bralley, of Amarillo, for appellant.

J. O. Fitzjarrald, of Memphis, for appellee.

FOLLEY, Justice.

This is a suit upon an automobile insurance policy commonly known as a comprehensive coverage policy providing for the payment of any direct loss or damage to the automobile subject to certain exclusions from the coverage. The appellee, Virgel Bolles, was the plaintiff below and the owner of the automobile which was almost completely destroyed by fire while the policy was in full force. The General Exchange Insurance Corporation was the insurer and the General Motors Ac-

ceptance Corporation the mortgagee. Both of these companies were defendants in the trial court.

The cause was tried before a jury and judgment rendered upon its verdict for the appellee against the General Exchange Insurance Corporation in the sum of $325 provided, however, that of this amount $126.47 should be paid to the General Motors Acceptance Corporation in satisfaction of its debt and mortgage. From this judgment the General Exchange Insurance Corporation has appealed.

The appellant attacks the judgment chiefly on the ground that the appellee failed to discharge the burden placed upon him of showing that the loss did not come within any of the excepted causes set out in the policy. This assignment must be sustained.

The policy was in the Texas uniform standard form and contained the usual exceptions and conditions under which the appellant would not be liable for loss, among these being loss or damage due to war, invasion, etc.; while the automobile was used as a public or livery conveyance or for carrying persons for a consideration; while rented under contract or leased; while being driven in a pre-arranged race or competitive speed test or by any person in violation of any state, federal or provincial law as to age applicable to such person or to his occupation, or by any person under the age of fourteen years; or while subject to any lien, mortgage or other encumbrance not specifically described in the policy.

■ The appellee did not in his pleadings negative any of the exceptions which under the terms of the policy specifically exempted the appellant from liability nor was any direct proof offered relative to the exceptions. The only testimony introduced as to the circumstances surrounding the fire was to the effect that the appellee started out of Memphis, Texas, in the automobile going west to his brother-in-law's and when he had gotten about two miles out of town and while driving about forty or fifty miles per hour the engine backfired, something exploded and the automobile became engulfed in flames. This meager testimony in our opinion falls far short of eliminating all of the exclusions enumerated in the policy.

■ The recent decision of our Supreme Court in International Travelers Ass'n et al. v. Marshall, 131 Tex. 258, 114 S.W.2d 851, should have alleviated the lamentations and set to rest the diversity of opinions of the judges of the inferior courts of this State relative to the burden upon the plaintiff seeking recovery upon a policy of this sort. Although neither the appellant nor the appellee has cited or referred to such decision we think it is controlling here. From page 852 of 114 S.W.2d of Justice Sharp's opinion in that case we quote: "It has long been held that in a case of this kind the burden rests upon the plaintiff to allege and prove that the death of the insured was by accident, and did not come within the exceptions named in the policy. In order to sustain a judgment based on such policy, plaintiff must negative, by allegation and proof, the exceptions which under the terms of the policy specifically exempt the company from liability. It appears from this record that plaintiff, having failed to make such allegations, by showing that the death of William Wright Marshall came within the general liability assumed by the insurer, and that it did not come within the excepted causes stated in the policy, did not meet the burden placed upon her."

■ In response to appellant's contention that this cause should be reversed and rendered in its behalf because the record reveals the appellee was guilty of fraud as a matter of law by making alleged false statements before and after the issuance of the policy, we deem it sufficient to state that in our opinion the material elements of fraud asserted by the appellant were not so conclusively shown as to establish the issue as a matter of law.

■ The appellant also complains of the failure of the court to submit a specially requested issue as to whether the automobile was totally destroyed by fire. The testimony was uncontroverted that the automobile, though badly burned, was not completely destroyed. It was also uncontroverted that after the fire the automobile still possessed some value and that it was sold for $70. Issues were submitted as to the value of the automobile immediately before and after the fire which were answered respectively $350 and $25. Under such circumstances we fail to see that any harm or injury could have resulted to the appellant by the court's refusal to submit the requested issue.

In view of another trial before a jury under a similar record, it is suggested that

the trial court in defining "market value" follow the approved definitions of this term as indicated in State v. Carpenter et al., 126 Tex. 604, 89 S.W.2d 194, 979, or as indicated in Black's Law Dictionary, 3d Ed., page 1162. See also Community Public Service Co. v. Gray, Tex.Civ.App., 107 S.W.2d 495 and 38 C.J. 1262, para. 18.

The other matters presented by the appellant will likely not occur on another trial and we pretermit a discussion of them.

The judgment is reversed and the cause remanded.