## NATIONAL RESERVE INS. CO. v. McCRORY.

### No. 5408.

Court of Civil Appeals of Texas. Amarillo.

March 30, 1942.

Monning & Singleton, of Amarillo, for appellant.

B. N. Richards, of Dalhart, for appellees.

FOLLEY, Justice.

This suit was filed by the appellee, Lon C. McCrory, against the appellees, A. L. Nelson and W. H. Lathem, and the appel-

lant, National Reserve Insurance Company. The suit against Nelson and Lathem was upon a $200 note payable to McCrory and executed by Nelson as principal and Lathem as surety. The suit against the insurance company was upon an insurance policy issued by it upon an automobile owned by Nelson upon which McCrory held a mortgage.

It appears that Nelson borrowed money from McCrory to purchase the automobile. This indebtedness was evidenced by the $200 note sued upon and another note for $392.33 which had been paid at the time this suit was filed. The policy of insurance was issued July 6, 1940 to Nelson as the insured and contained a loss payable clause in favor of McCrory as his interest should appear. Under Coverage E-1 the policy insured against collision or upset, and under Coverage W, or Comprehensive, insured against any loss or damage other than by collision or upset. By separate letters, each dated December 27, 1940, the insurance company notified Nelson and McCrory by registered mail that pursuant to the provisions of the policy it had elected to cancel the insurance, notifying Nelson that the policy would terminate as to him at the expiration of five days from the receipt of his notice, and McCrory, as mortgagee, that the policy would terminate as to him at the expiration of ten days from receipt of his notice. McCrory received his notice through the mail during the day of December 30, 1940. Nelson received his notice January 2, 1941. On January 9, 1941, at 1:45 a.m., the automobile, then shown to have been of the value of about $700, was completely destroyed in a collision except for its value as junk, which was shown to have been $75. More than five days had elasped since Nelson had received his notice of the cancellation of the policy, and no contention is made that the policy was in force as to him. However, since the collision occurred a few hours less than ten days after McCrory received his cancellation notice, the policy had not terminated as to him.

The appellee, Lon C. McCrory, sought judgment against Nelson, Lathem and the appellant, National Reserve Insurance Company, for his debt only, there being no plea for foreclosure of his mortgage upon the remains of the wrecked automobile. The appellant filed various defenses to the suit, one of which was to the effect that McCrory should first exhaust his remedies at law against Nelson and Lathem before proceeding against the appellant, it being the theory of the appellant that it would be liable only in the event McCrory could not collect his debt from the principal and surety on the note. By cross-action the appellant asked for the right of subrogation against Nelson and Lathem for any amount McCrory should recover against it.

In a trial before the court without a jury, judgment upon the note was rendered for McCrory against Nelson and Lathem in the sum of $220, which included attorneys' fees, and for which execution was ordered. Recovery for the same amount was also allowed McCrory against the appellant upon the policy, for which execution was also ordered. The judgment further ordered that payment by the appellant should release the judgment as to Lathem. No similar provision was made for the benefit of the other two parties defendant, nor was there any decree requiring McCrory to pursue any particular order against the three trial court defendants in the collection of his judgment. The court denied the appellant any relief under its plea of subrogation to the rights of McCrory. against Nelson and Lathem, except that it was ordered that the appellant should be subrogated to all the rights of Nelson "against any and all persons contributing in any way to the collision of the automobiles involved in this controversy."

The appellant assigns as error the failure of McCrory to allege and prove that the loss and damage to the automobile was not occasioned by reason of some of the exceptions of liability under the policy. Under Coverage E-1 of the policy, the general liability of the company was limited by special exceptions and exclusions to the effect that the appellant would not be liable for loss or damage caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, military, naval or usurped power or by order of any civil authority; or while the automobile was used in the business of demonstrating or testing or as a public or livery conveyance for hire, or while rented or leased; or while being driven in a prearranged race or competitive speed test, or by any person in violation of any state, federal or provincial law as to age applicable to such person or to his occupation, or by any person under the age of fourteen years. None of these exceptions was negatived by

the pleadings, and the only evidence offered concerning the circumstances of the loss and damage was the meager testimony to the effect that the automobile was wrecked in a collision, which we think insufficient, even by implication, to negative some of the above exceptions.

 Where the general liability of an insurer is limited by special exceptions stated in the policy, as to such exceptions to liability the burden is on the claimant under the policy to allege and prove that the loss sustained comes within the general liability assumed by the insurer and does not come within such exceptions. This assignment must therefore be sustained. Blue Bonnet Life Ins. Co. v. Reynolds, Tex.Civ.App., 150 S.W.2d 372, writ refused; International Travelers Ass'n et al. v. Marshall, 131 Tex. 258, 114 S.W.2d 851; General Exchange Ins. Corporation v. Bolles, Tex.Civ.App., 143 S.W.2d 635; Georgia Home Ins. Co. v. Trice et al., Tex.Civ.App., 70 S.W.2d 356; Travelers' Ins. Co. v. Harris, Tex.Com.App., 212 S.W. 933.

In view of another trial, we wish to state that we are of the opinion the appellant, under the record presented, does not have the right of subrogation as against Nelson and Lathem in so far as the indebtedness due McCrory is concerned. There was no provision in the policy to such effect, and in the absence of such a provision the insurer is not entitled to subrogation to the rights of a mortgagee. 26 C.J. 461, par. 625; 24 Tex.Jur. 1182, par. 339; Hall v. Miller et al., Tex.Civ.App., 268 S.W. 268. We are also of the opinion that the mortgagee does not have to exhaust his remedies against the principal and surety on the note or the collateral represented by the wrecked automobile before resorting to the collection of the insurance due him under the policy. A mortgagee has an insurable interest in the mortgaged property entirely separate and distinct from that of the mortgagor to the extent of the debt secured, "regardless of any other security he may hold." 26 C.J. 29, par. 11; 6 Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, p. 80, § 3501. In this connection, however, if the mortgagee prevails in another trial, we think the judgment should be so worded that a double recovery would not be allowed, as might have resulted in the judgment before us if McCrory had proceeded by execution, first against the principal and surety, and then against the insurance company. Certainly, a mortgagee can not recover under such a policy after his debt has been fully satisfied, whether from execution or otherwise, and any judgment hereinafter rendered should recognize this rule. 26 C.J. 439, par. 588. We thus have the anomaly of a mortgagee possessing the right to collect his debt from any one of two sources he may choose; but in no event may he collect it twice.

The judgment is reversed, and the cause remanded.