## BENEFIT ASS'N OF RY. EMPLOYES
### v. DOVER.
#### No. 5510.

Court of Civil Appeals of Texas. Amarillo.
Jan. 18, 1943.

B. N. Richards, Frank M. Tatum, and R. E. Stalcup, all of Dalhart, for appellant.

Works & Brian, of Amarillo, and Art Schlofman, of Dalhart, for appellee.

STOKES, Justice.

Appellee, John W. Dover, filed this suit against appellant, Benefit Association of Railway Employes, to recover the aggregate of forty dollars per month for a period of twenty-four months as indemnity under an accident indemnity policy issued to him by appellant, which provided for such payments in the event appellee should become totally disabled as a result of accidental injury. He alleged that he was totally, continuously, and permanently disabled by reason of an injury sustained by him on June 17, 1941, while engaged as a section hand by the Fort Worth and Denver City Railway Company, as a result of a violent jerk of the handle of a jack with which he and others were raising the elevation of the railroad track. He alleged that his back and spine were injured and that he was badly ruptured; that he had been treated by a number of physicians but to no avail and the injury had proved to be total and permanent.

Appellant answered by a general denial and specially alleged that appellee's injuries were not the result of an accident but were caused by serious stomach disorders and arthritis of the spine. It further pleaded that whatever appellee's disability might be, it was not such as was covered by the policy of insurance, because the policy provided it should not be payable unless appellee was attended by a regular practising physician or surgeon at least semimonthly, nor unless it was furnished at the end of each thirty days

with a statement from the attending physician, setting forth the physical condition of appellee and the probable duration of his disability, and that these conditions were not complied with by either the appellee or the physician.

A jury was impaneled to try the case and at the close of the testimony appellant urged a motion for a peremptory instruction in its favor. The motion was overruled and the case submitted to the jury upon special issues, in answer to which the jury found that appellee was injured in the manner alleged by him, solely through external violent and accidental means as stipulated in the policy; that such injury immediately and totally disabled him and prevented him from performing any kind of work or engaging in any occupation for wages or profit; and that no prior injury or disease contributed in any way to the injury. In answer to special issues submitted at the request of appellant, the jury found that the present condition of appellee's spine was not due to arthritis and that from the seventeenth of June, 1941, to the time of filing his claim, appellee was under the regular treatment of, and was attended by, a legally qualified physician as much as semimonthly. Based upon the findings of the jury, the court rendered judgment in favor of appellee for the sum of $1325.20, consisting of the amount sued for as accident indemnity and the statutory penalty of twelve per cent thereon, together with two hundred and fifty dollars as attorneys' fees. .

Appellant filed and urged its motion for a new trial, which was overruled by the court, and it has perfected an appeal to this court where it presents the case upon a number of assignments of error, its principal contention being that the court erred in refusing to give to the jury the peremptory instruction requested by it, because there was no testimony to the effect that appellee was attended semimonthly by a legally qualified physician or surgeon, nor that any reports were made to it at the end of each thirty days during the alleged disability period as provided by the policy.

Appellee answers this contention by asserting that the provisions of the policy concerning the attendance of a physician and his reports to appellant of the physical condition of appellee and the probable duration of further disability were evidentiary matters and not conditions prece-

dent; that appellee's injuries and his total and permanent disability as a result thereof were amply proved by other testimony and that those provisions of the policy were designed to change the rules of evidence observed by the courts and were therefore not proper subjects of contract nor binding upon either the appellee or the court.

Section (b) of Part IV of the policy provides that the aggregate sum of indemnity shall not exceed a sum equal to indemnity payable for total loss of time for twenty-four months and "that indemnity under this part shall not be paid * * * unless the insured is continuously, by reason of such injury, under the regular treatment of, and is attended at least semimonthly by, a legally qualified physician or surgeon during the entire time of disability."

Section (a) of Part IV provides that "in the event the disability period on any claim arising hereunder shall exceed a period of one month, a statement from the attending physician or surgeon at the end of each thirty days of disability, setting forth the physical condition of the insured, and probable duration of further disability, must be furnished by the insured and, likewise, compliance on the part of the insured and beneficiary with all of the terms and conditions of this policy shall be a condition precedent to recovery hereunder, and any failure in this respect shall forfeit to the Association all rights to any indemnity."

The testimony was sufficient to support the findings of the jury that the accident happened substantially as alleged by appellee; that he was injured as alleged by him; and that the injury resulted in his total disability for a period of more than the twenty-four months covered by the policy. But the record fails to reveal any testimony that he was attended semimonthly by a physician or that any statements from an attending physician or surgeon were made to appellant as required by the provisions of the policy above quoted. The finding of the jury to the effect that appellee was attended at least semimonthly during the disability period by a regular practising physician was in response to a special issue submitted to them at the request of appellant, however, and appellant is therefore in no position to complain of it. While appellant presented and urged its motion for an

instructed verdict upon the ground that the evidence failed to establish the essential fact, as provided by the policy, that the attendance of a physician was a condition precedent to appellee's recovery, it did not maintain its position that the evidence was insufficient in that respect, but requested the court to submit a special issue requesting the jury to find whether appellee had·been attended semimonthly by a physician as provided by the policy. By this act appellant waived the question of the sufficiency of the evidence and admitted there was sufficient evidence to support a finding upon the special issue presented and it can not now take an opposite position. Its contention and assignment of error in respect to this phase of the matter will therefore be overruled. Guaranty State Bank of Dodge v. Roark et al., Tex.Civ.App., 243 S.W. 591; St. Louis Southwestern R. Co. of Texas v. Douthit et al., Tex.Civ.App., 208 S.W. 201; American Nat. Ins. Co. v. Valencia, Tex.Civ. App., 91 S.W.2d 832.

■ There was no finding of the jury to the effect that at the end of each thirty days of disability, or at any other times, appellant was furnished a statement from an attending physician or surgeon, setting forth the physical condition of appellee and the probable duration of further disability, nor would the court have been warranted in submitting such an issue, because there. was no testimony whatever to that effect. By the plain provisions of the policy, the furnishing to appellant of such reports was a condition precedent to recovery thereunder and, in our opinion, appellant's contention that the court was not warranted in rendering judgment against it in the absence of proof that such condition was complied with must be sustained.

While the opinions of our courts in some cases seem to indicate that the writers were of the opinion that provisions in insurance policies to the effect that, in order to recover, the insured must remain in the house and be attended at regular intervals by a physician, were evidentiary and attempts on the part of the insurers to vary the established rules of evidence, we know of no case where it has been held that a provision requiring regular reports by or from an attending physician or the insured, setting forth the physical condition of the insured and probable duration of further disability, falls within that category. On the other hand, our courts have unequivocally established the contrary rule and held that such a provision constitutes a condition precedent to recovery under the policy. Certainly this is true where the policy, by specific provision, makes it so. Burns v. American Nat. Ins. Co., Tex.Com.App., 280 S.W. 762; International Travelers Ass'n et al. v. Marshall, 131 Tex. 258, 114 S.W.2d 851; National Reserve Ins. Co. v. McCrory, Tex.Civ.App., 160 S.W.2d 972; State Life Ins. Co. of Indianapolis v. Parks, Tex. Civ.App., 89 S.W.2d 289; Washington Nat. Ins. Co. v. Booker, Tex.Civ.App., 123 S.W.2d 975.

■ In construing language used by the parties in insurance policies, as well as other contracts, the courts 'are not concerned with the reasons underlying its selection, nor with the question of whether the terms and provisions inserted should have been employed, but only with a proper interpretation of the language and provisions that were employed and inserted by the parties. There is nothing in the policy here involved which indicates a purpose or intention, either to establish or change any rule of evidence as contended by appellee. The provision with reference to furnishing statements from the attending physician at the end of each thirty days of disability is specifically made a condition precedent to appellee's recovery under the policy. As indicated by Judge Short of the Commission of Appeals in the case of Burns v. American National Insurance Co., supra, there may be many reasons why both parties to the contract desire to insert conditions in the nature of limitations upon which recovery may be had. Whatever such conditions may be, so long as they come within the law and are not contrary to public policy, they are immaterial in so far as the courts are concerned. It is a matter that concerns no one but the parties themselves. The courts do not make contracts for the parties, but attempt only to construe those which the parties themselves have made. According to the insurance contract here involved, in the event the disability period exceeded one month, a statement from the attending physician at the end of each thirty days of disability, setting forth the physical condition of appellee and the probable duration of further disability, must have been furnished by appellee and, in so far as the issue here involved is concerned, if he

1050

complied with that provision appellant owed him the accident indemnity provided by the policy. On the other hand, if appellee failed to comply with the contract in that respect, appellant did not owe him anything, and the court was not warranted in rendering judgment against appellant. This is quite a different matter from that which was involved in provisions of insurance policies constituting the basis of the holdings of the courts to the effect that certain provisions and stipulations were evidentiary and constituted attempts to vary the established rules of evidence. That line of authorities had its inception in such cases as Supreme Ruling of Fraternal Mystic Circle v. Hoskins et al., Tex.Civ.App., 171 S.W. 812; and Sovereign Camp, W. O. W., v. Piper, Tex.Civ.App., 222 S.W. 649, wherein the courts were considering insurance policies which provided that the absence or disappearance of an insured member from his last known place of residence for any length of time should not be evidence of his death. In the Hoskins case the Court of Civil Appeals of the Sixth District said that to uphold such provisions of the policy would be to destroy the effect of a statute (Art. 5541, R.C.S.1925) and, by contract, limit the courts to the kind of evidence that should be admitted in proof of the death of an insured under the policy. The holding was, quite correctly, to the effect that no person has a vested right in the rules of evidence, and provisions of contracts wherein parties attempt to establish or limit them and bind the courts to them are contrary to public policy and void. In distinguishing such contractual stipulations from legitimate exceptions from the risk assumed and conditions precedent, the court said [171 S.W. 813]: "As the agreement of the parties, as shown by the language of the by-law, was entirely in respect to 'the evidence' that would be 'satisfactory proof' of the death of the insured, it would be a restrictive provision of contract in respect only to a rule of evidence, and not a stipulation excepting absence as in the nature of the risk assumed." This expression clearly indicates that if the absence of the insured had been made an exception from the risk assumed, or proof of actual death had been made a condition precedent to the right of recovery on the policy, it would not have been obnoxious to contract law, nor received the disapproval of the court.

 While, as we have said, the judgment must be reversed for lack of evidence to support it in the respects mentioned, the record indicates that both parties were laboring under more or less uncertainty as to the burden of proof concerning the exceptions contained in the policy, each being of the opinion that the burden in this respect rested upon the other. It is probable, therefore, that the case was not fully developed. Instead of rendering judgment, as is usually done in such cases, in our opinion, justice will be better subserved by remanding the case for another trial in order to give both parties an opportunity to produce evidence, if they can, in support of their allegations in relation to the matters discussed. Texas Employers' Ins. Ass'n v. Herring, Tex.Com.App., 280 S.W. 740; First State Bank v. Jackson, Tex.Civ.App., 13 S.W.2d 979.

For the error discussed, the judgment will be reversed, and the cause remanded.