**N. A. MINSKY, Appellant,**

v.

**HARDWARE MUTUAL CASUALTY COMPANY, Appellee.**

No. 4012.

Court of Civil Appeals of Texas.

Waco.

June 7, 1962.

Rehearing Denied June 28, 1962.

Shields, Jones & Whittington (Ewing Jones), Dallas, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller (L. P. Bickel), Dallas, for appellee.

TIREY, Justice.

This action is one to recover expenses for medical services grounded on the provisions of a family automobile policy issued to appellant by appellee. The jury in its verdict found substantially that Ida Minsky sustained bodily injuries caused by an accident while she was a passenger in an automobile, said accident having occurred on June 3, 1959; that it was necessary for her to have hospital services because of such injuries and fixed her necessary hospital charges for services at $1208.95, and fixed the cost of her nursing services at $42.00; and further found that the progress of Mrs. Minsky's cancer was not the sole cause of plaintiff's expenses for hospital services, and that the progress of the cancer was not the sole cause of her nursing expenses, and fixed attorney's fees for the prosecution of the suit at $1200.00. Plaintiff did not file a motion for judgment on the verdict, but did file a motion for judgment non obstante veredicto. In his motion he averred that the undisputed evidence showed that reasonable professional nursing charges amounted to $4974.00 for Mrs. Minsky; that the evidence was undisputed to the effect that the reasonable cost of hospital services necessary as a result of the automobile accident to be $5841.00, and he asked the court to substitute his own findings as requested, and to render judgment in plaintiff's favor for the sum of $5000.00, plus 6% interest from January 29, 1960, plus damages of 12% of the $5000.-00, amounting to $600.00, and plus reasonable attorney's fees of $1200.00 as found by the jury. The court overruled this motion and entered a take nothing judgment in favor of appelleee, to which order the plaintiff duly excepted and gave notice of appeal to the Dallas Court. Thereafter, plaintiff seasonably filed his motion for new trial, which was duly overruled. In the judgment we find this recital: "The parties agreed and stipulated, by and through their pleadings and by and through their attorneys, that the Liberty Insurance Company of Texas had paid to the Plaintiff two Thousand Dollars ($2000.00) and that such insurance was primary and that in order for the Plaintiff to recover anything against Defendant, it would be necessary that he prove that he had incurred expenses in excess of this amount for necessary medical, hospital and professional nursing services for his wife for injuries caused by accident. * * *

"After considering the pleadings, evidence, argument of counsel, jury verdict, stipulation of parties, and the record as a whole, the Court hereby finds unsubmitted matters and issues in favor of Defendant and is of the opinion that a take-nothing judgment should be entered in favor of Defendant," and decreed accordingly.

The judgment is assailed on 5 Points. Points 1 and 4 are to the effect that the Court erred in overruling plaintiff's Motion for Judgment Non Obstante Veredicto because the answer of the jury to Issue 6 was contrary to the undisputed evidence, in that such evidence showed that the reasonable cost of hospital services necessary for Mrs. Minsky was $5741.00, and further that the answer of the jury to Issue 6 is so against the overwhelming weight of the evidence as to be manifestly wrong and unjust. Points 2 and 5 are to the effect that the court erred in overruling plaintiff's Motion for Judgment Non Obstante Veredicto because the jury's answer to Issue 8 was contrary to the undisputed evidence and that the undisputed evidence established conclusively and as a matter of law that the reasonable costs of nursing services of Mrs. Minsky for her injuries sustained in the automobile accident were $4974.00, and that the answer of the jury to the effect that it was $42.00 is so against the overwhelming weight of the evidence as to be manifestly wrong and unjust. Point 3 is to the effect that the Court erred in overruling plaintiff's Motion for Judgment Non Obstante Veredicto because upon the undisputed and uncontradicted evidence, as a matter of law, shows that plaintiff was entitled to judgment of $5000.00 plus 6%

from January 29, 1960, plus 12% of the $5000.00, amounting to $600.00, plus reasonable attorney's fees of $1200.00 as found by the jury.

A statement is necessary. Appellant was the named insured and appellee the insurer in a "family automobile policy" by which appellee agreed under coverage C: "to pay all reasonable expenses incurred within one year from the date of accident for necessary * * * hospital, professional nursing * * * services * * * to or for the named insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury' caused by accident while occupying * * * an automobile." The action was grounded upon coverage C to recover from appellee certain expenses, incurred over a 10 months' period, for hospital and nursing services which he alleged to be necessary for an injury sustained by his wife in an accident while she was a passenger in an automobile. Testimony was tendered to the effect that the accident in which Mrs. Minsky was involved occurred on June 3, 1959, and that she had suffered from metastatic cancer since 1954 and that it had spread to her bones by August, 1958; that it was not until June, 1959 that X-rays revealed that Mrs. Minsky had a subcapital fracture of the left femur which had by then partially healed. The jury, in its verdict, found that Mrs. Minsky's injuries were caused by the injuries of June 3, 1959. Mrs. Minsky was placed in the hospital on June 19, 1959 and remained there until July 1, 1959, at which time she was taken home. On July 6, 1959 she returned to the hospital and remained there until August 25, 1959. Her Gaston Hospital expenses from the date of the accident until August 25, 1959 were $1208.95 and her nursing expenses for the same period were $42.00.

On August 25, 1959, Mrs. Minsky was transferred to Baylor Hospital, where, on August 28th she underwent an operation for the removal of her pituitary gland. The purpose of this operation was to retard the growth of cancer which had spread to the bone from the breast. She remained at Baylor until October 7th, when she went home. She did not have professional nursing services at home.

On October 24, 1959 she returned to Gaston Hospital and was continually hospitalized there until she died on April 12, 1960. She had nurses almost every day after December 20, 1959. There is no testimony that after August 25, 1959, either hospitalization or nursing care would have been necessary for the accidental injury, even in the absence of the natural progress of the cancer.

The testimony of Dr. D'Errico, who performed the operation, and of two other doctors who had treated Mrs. Minsky for a number of years, is that the operation of August 28, 1959 was for the cancer and had nothing to do with an accidental injury, and that the treatment given to Mrs. Minsky after July, 1959 and expenses incurred therefor were not for an injury she may have sustained in an automobile accident, but solely for the disease of cancer.

Dr. McNeill, the surgeon whose partner had operated on Mrs. Minsky for cancer in 1954, who had treated her thereafter, and who had referred her to Dr. D'Errico, testified by deposition in part:

"Q. Assuming it was in August after the pathological fracture in the femur in June, it was in August she was re-admitted into Baylor Hospital and the gland removed by Dr. D'Errico. The operation Dr. D'Errico did was not proximately caused by or contributed to by any injury she received in the automobile accident in June?

"A. No, sir. The only reason for that was because of the disease of cancer.

\* \* \* \* \* \*

"Q. After she got out of Gaston Hospital in July, 1959, all the treatment

that was given to her was for the natural progress of the cancer?

"A. That is correct.

"Q. And would have been given to her in the absence of any accident?

"A. That is correct.

"Q. I will ask you, assuming that in the accident of June 3, 1959, she did in fact receive a fracture to the head of the left femur, assuming it was caused by that rather than by the disease, would the treatment for that and the expense incurred for that treatment be limited to, as far as you are concerned, the hospitalization in Gaston during the latter part of June and July, 1959?

"A. I would say yes."

Dr. Ulevitch, a cancer specialist, testified in part:

"Q. Doctor, was this hospitalization at Baylor in any way caused by any injury she may have received in the accident of June 3, 1959?

"A. I would not consider it as being directly as a result of the accident because if the hip were the only part involved, this procedure would never have been imposed, we just wouldn't be justified in doing it. * * *

"Q. Did the disease ever get into the spine?

"A. It sometimes runs into every part of the body; I would say that she had it in almost every bone of her body.

"Q. Is there any way in the world * * * to carve out how much of the medical bills were attributed to the fracture, any fracture that she might have had, as distinguished from the treatment that she had for the condition she was in, in general?

"A. I will put it this way, Dr. Paul Williams' bill certainly could be related

definitely to the fracture, also the hospitalization of June 1959; I believe it would definitely be related to the fracture.

"Q. And after the hospitalization of June, 1959, it probably should not be related to the fracture; is that correct?

"A. With the progression of the disease what it was, she was required to have treatment not only on account of the fracture but for the other things as well; even in August, 1959, at the time the hypothesectomy was done, she was in the hospital then not for the fracture but for the generalized disease.

"Q. Would you say that after the hospitalization and after the treatment following June 15 and immediately thereafter, that hospitalization was related to the generalized disease rather than to the fracture?

"A. Shortly thereafter, sometime shortly after the 15th of June is when she was hospitalized.

"Q. And then she was hospitalized again later on for this other condition?

"A. Yes. * * *

"Q. The treatment that was administered to her during the June hospitalization then consisted partly of this radiation?

"A. Yes, in June and July; but I feel that the hospitalization in June and July definitely should be attributed to the fracture.

"Q. It could be?

"A. It could be, yes.

"Q. And thereafter it should not?

"A. I don't think so."

Testimony was tendered to the effect that Mrs. Minsky's total expenses for nursing services for the entire period from the date of the automobile accident, June 3,

1959, until the date of her death, April 12, 1960, were $4974.00 of which sum $4043.50 was incurred after December 20, 1959. During this period of ten months, the total expenses she incurred for hospital room and board were, according to appellant's figures, $5,741.00.

It is without dispute that Mrs. Minsky had suffered from cancer for years before the automobile accident, and that there intervened between the date of the accident and the date of her death, a period of ten months, during which she underwent a major operation solely for cancer and wholly unrelated to the accidental injury. As we understand the record, appellant did not make any attempt to segregate the expenses that were necessary for the accidental injury and the expenses that were necessary for the treatment of the cancer, and we do not think his brief does so. As we understand appellant's position, it is that all nursing expenses and all charges for hospital room and board incurred during the entire ten months' period were necessary for the injury sustained by Mrs. Minsky in the automobile accident and covered by the family automobile policy issued to appellant by appellee. We have previously pointed out that the driver of the car in which Mrs. Minsky was riding carried a policy with an insurance company similar to appellant's policy with appellee, and that appellant had already recovered $2,000.00 under that policy because of the accidental injury, and it was stipulated by the parties that appellant could recover from appellee only expenses in excess of $2,000.00 found by the jury to be reasonable and necessary for the injury. Since the necessary expenses found by the jury totalled only $1250.25, the Court entered judgment to the effect that appellant take nothing from appellee.

■ Going back to the charge of the Court, appellant made no complaint either as to the form or as to the contents of the charge, and the jury found that Mrs. Minsky sustained bodily injuries caused by the automobile accident of June 3, 1959, and that it was necessary for her to have hospital and nursing services for such bodily injury, and found that the reasonable cost of such necessary hospital and nursing services was $1208.95 and $42.00 respectively. These amounts represented all hospital and nursing expenses incurred by Mrs. Minsky up to August 25, 1959, when she was transferred to Baylor Hospital for the operation in which her pituitary gland was removed. We think it is obvious that the jury either concluded that appellant failed to prove from a preponderance of the evidence that the hospital and nursing expenses after August 25, 1959 were necessary for the injury Mrs. Minsky sustained in the accident, or accepted the testimony of Dr. McNeill, Dr. D'Errico, and Dr. Ulevitch that the hospitalization and expenses after August 25, 1959 were not for the accidental injury, but for the natural progress of the preexisting cancer. The only question before this Court is whether the jury was justified in reaching its result. We think it was.

■ Since appellant brought his suit to collect under a contract of insurance, which contract afforded coverage only for reasonable expenses which were necessarily incurred for injuries caused by an automobile accident, it follows that he had the burden of proving that the expenses for which he sought reimbursement were reasonable and were necessary because of the injuries sustained by Mrs. Minsky in the accident. See American Ins. Co. v. Maddox, Tex.Civ.App., 60 S.W.2d 1074, no writ; International Travelers Ass'n v. Marshall, 131 Tex. 258, 114 S.W.2d 851.

Needless to say, appellee's general denial placed upon appellant the burden of proving all the facts necessary in support of a recovery against appellee. See Boswell v. Pannell, 107 Tex. 433, 180 S.W. 593; Bracewell v. Balentine, Tex.Civ.App., 25 S.W.2d 279. The Court's charge properly placed the burden of proof upon appellant, and there was no objection to the charge, nor is any point raised that the bur-

den of proof was improperly placed. As we understand the rule in Texas, appellant had to show from a preponderance of the evidence the amount of Mrs. Minsky's expenses that he could recover under the terms of the policy issued to him by appellee, and now, under the jury's verdict, he has the further burden of showing that the jury's findings as to what these amounts were must be rejected by the appellate court. This, we think, he has wholly failed to do.

Since the jury found that Mrs. Minsky did sustain an accidental injury, the question before us now is not whether Mrs. Minsky sustained an accidental injury, but whether appellant has shown, as a matter of law, by undisputed and conclusive evidence, that 10 months of hospital and nursing expenses were necessary for the accidental injury. We are of the view that appellant has wholly failed to carry this burden. Appellant attempts to show that he has carried the burden in this regard by quoting extensively from the medical testimony tendered. The testimony relied upon by appellant consists entirely of the opinions of medical witnesses, and if this testimony was uncontradicted, it could only have raised a fact issue for the jury's determination. See Hood v. Texas Ind. Co., 146 Tex. 522, 209 S.W.2d 345; Consolidated Cas. Ins. Co. v. Baker, Tex.Civ.App., 297 S.W. 2d 706, n. r. e.

Appellant contends in effect that since Mrs. Minsky sustained a fracture in the accident of June 3, 1959, which injury required her to be hospitalized and to have the care of nurses, it is to be presumed that such conditions continued to exist and that the hospitalization and nursing care were necessary for the injury until Mrs. Minsky died on April 12, 1960. There is no merit in this contention. See Mayhew v. McFarland, 137 Tex. 391, 153 S.W.2d 428. It is only a conclusion which may be drawn by the trier of facts but which even in the absence of conflicting evidence, does not forestall a fact finding to the contrary.

See Seydler v. Baumgarten, Tex.Civ.App., 294 S.W.2d 467, n. r. e.; McCormick and Ray, Texas Law of Evidence, Sec. 81, 1956. Under the jury's finding, and under the evidence and the record as a whole, appellant's theory of presumption passes out of the case. See Missouri Pacific R. R. Co. v. Mendoza, Tex.Civ.App., 337 S.W.2d 622, n. r. e. That leads us to say, again, that under the jury's verdict no hospital and nursing expenses after August 25, 1959 were necessary for the accidental injuries, and that such finding is not against the great weight and preponderance of the evidence; but on the contrary, we think the jury's verdict is supported amply by the evidence.

Finally, the trial court impliedly found upon sufficient evidence that the hospital and professional nursing expenses incurred by Mrs. Minsky after August 25, 1959 were not proximately caused by the accidental injury she sustained on June 3, 1959. We are in accord with this view. See Federal Life Ins. Co. v. Raley, 130 Tex. 408, 109 S.W.2d 972.

■ Going back to the charge, it contains a special issue inquiring if Mrs. Minsky's injury was proximately caused by the accident; but it contained no special issues inquiring whether the hospital and professional nursing expenses (the loss here) were proximately caused either by the injury or by the accident (the peril insured against). It was the duty of appellant to see that these issues were submitted under Rule 279, Texas Rules of Civil Procedure. Since he did not do so, it is now presumed that the element of proximate cause was found in favor of appellee by the District Court. We have previously stated that there is ample evidence in the record to support this implied finding. We have considered each of appellant's points, and each is overruled.

The judgment of the trial court is Affirmed.