**Dale GILBREATH, Appellant,**

v.

**Billy D. WHITE, Appellee.**

No. 06–95–00019–CV.

Court of Appeals of Texas, Texarkana.

Submitted June 13, 1995.

Decided July 20, 1995.

---

Jim Ammerman, II, Gilmer, TX, for appellant.

Mark D. Strachan, Smead, Anderson, Wilcox, Dunn, Longview, TX, for appellee.

Before CORNELIUS, C.J. and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Dale Gilbreath, the intervenor below, appeals the granting of a summary judgment in favor of Billy D. White, the defendant below. Gilbreath contends that the trial court erred in granting summary judgment on the following theories: (1) Gilbreath had no cause of action on the insurance policy; (2) Gilbreath had no legal or equitable title to the property; (3) Gilbreath had no right to settlement proceeds; (4) the statute of limitations had run; and (5) White's motions for summary judgment never addressed all the issues brought forth by Gilbreath's pleadings.

J.M. Young borrowed $30,000 from Steve Milner and Dale Gilbreath. Young gave Milner[1] and Gilbreath a deed of trust to land in Upshur County. Young also agreed to obtain insurance to cover the improvements of the Upshur County land for the benefit of Milner and Gilbreath. Milner and Gilbreath were to be listed as mortgagees on that insurance policy.

Young obtained insurance from Hocheim Prairie Farm Mutual Insurance Association (Hocheim) through their agent, Billy D. White.

On June 6, 1988, an ice storm damaged a riding arena on the property. On behalf of the insurance company, White refused to pay for the damages, contending ice damage was excluded from the policy. Young sued White asserting breach of express warranties, breach of implied warranties of merchantability and fitness for a specific purpose, breach of representations under the DTPA, violations of the Texas Insurance Code, breach of contract, and negligence. Young contended his damages amounted to $54,000, as well as attorney's fees and interest. White settled with Young for $20,000.

Gilbreath filed a plea in intervention, adopting Young's claims against White. Gilbreath reached a settlement with Hocheim, the insurance company which issued the policy. White then filed a motion for summary judgment, which was granted by the trial court.

Gilbreath contends the trial court erred in granting summary judgment in favor of White. The basis of a motion for summary judgment is that no genuine issue exists for any material fact and the movant is entitled to summary judgment as a matter of law. Tex.R.Civ.P. 166a(c). In *Nixon v. Mr. Property Management,* the Supreme Court makes the following determinations: (1) the movant for summary judgment had the burden of showing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law, (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true, and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his or her favor. 690 S.W.2d 546 (Tex.1985).

■ When the motion for summary judgment alleges more than one basis of support, and the order granting the motion is silent as to the reason for granting the motion, the appellant must show each independent ground alleged in the motion is insufficient to support the summary judgment, and the summary judgment must be affirmed if any theory has merit. *Rogers v. Ricane Enterprises, Inc.,* 772 S.W.2d 76, 79 (Tex.1989); *Valles v. Texas Commission on Jail Standards,* 845 S.W.2d 284, 287 (Tex.App.—Aus-

---

1. Milner did not appeal the judgment of the trial    court.

tin 1992, writ denied). In the case at bar, the summary judgment is silent as to the reason for granting the motion. Gilbreath must show, therefore, that each ground alleged in White's motion is insufficient to support the summary judgment.

■ Gilbreath first contends summary judgment cannot be granted on the basis that White was merely an agent for the insurance company and not the insurer and, therefore, no claim could be made against him based on Gilbreath's loss of policy benefits. Gilbreath points out the Texas Supreme Court has found privity of contract is not required to establish liability in a deceptive trade practices action. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 541 (Tex.1981). In that case, the court found that a person need not seek or acquire goods or services furnished by the defendant to be a consumer as defined in the DTPA. *Id.* at 541.

According to the contentions in this case, White undertook to write a policy on behalf of Gilbreath to protect the collateral which he held as mortgagee. This policy was purchased by Young in accordance with the loan agreement, and Gilbreath was a third-party beneficiary under this agreement. Gilbreath contends that White erred in writing the policy and further damaged him by giving a settlement to Young without making him a party to the settlement. The fact that White was an agent and not the insurer does not preclude his being liable for damages for his own acts. As long as there is not a double recovery[2] for actual damages, Gilbreath can proceed against White. The granting of summary judgment could not be sustained on this point.

Gilbreath next contends summary judgment should not have been granted on White's argument that Gilbreath had no legal or equitable title to the property.[3] On March 28, 1978, Kimbra Young, J.M. Young's daughter, purchased the property. On May 21, 1986, Kimbra Young executed a deed of

trust and deed of trust note for the benefit of Milner and Gilbreath. In turn, Milner and Gilbreath assigned the deed of trust note to Texas Commercial Savings. An assignment of the deed of trust is not in evidence, but the collateral follows the promissory note obligation. *Howard v. Stahl*, 211 S.W. 826, 828 (Tex.Civ.App.—Amarillo 1919, no writ).

■ Gilbreath did not lose his insurable interest in the property by the assignment to the bank because he continued to be liable to the bank on the obligation. Anyone has an insurable interest with respect to property who derives a pecuniary benefit or advantage by the preservation and continued existence of the property or would sustain a pecuniary loss from its destruction. *Smith v. Eagle Star Ins.*, 370 S.W.2d 448 (Tex.1963). This was not a valid basis for granting summary judgment.

■ Gilbreath next contends summary judgment could not have been granted on the basis that Young had no right to settlement proceeds. Gilbreath argues the evidence raises a fact issue of whether Young had a legal or equitable interest in the dispute that was settled. He further contends he was the third-party beneficiary of the insurance contract which appellee secured and breached by paying the wrong party. Finally, Gilbreath contends White assumed a fiduciary duty to him when he secured the issuance of the insurance policy, and breached this duty by paying someone other than the mortgagee. A mortgagee has an insurable interest in the mortgage property entirely separate and distinct from that of the mortgagor to the extent of the debts secured, regardless of any other security he may hold. *American General Ins. Co. v. Sessions*, 331 S.W.2d 812 (Tex.Civ.App.—Austin 1960, no writ); *National Reserve Ins. Co. v. McCrory*, 160 S.W.2d 972, 974 (Tex.Civ.App.—Amarillo 1942, no writ).

---

**2.** *See National Reserve Ins. Co. v. McCrory*, 160 S.W.2d 972, 974 (Tex.Civ.App.—Amarillo 1942, no writ).

**3.** Gilbreath contends such argument was waived because it was not urged during the oral argument at the motion for summary judgment hear-

ing. Gilbreath cites no authority, nor can we find any authority to support his contention that arguments not advanced in an oral hearing on a motion for summary judgment are waived. We find, therefore, no waiver by White of this argument.

The settlement with Young did not relieve any obligation that White or the insurance company had to Gilbreath. Whether it was an erroneous settlement or not, Gilbreath is entitled to recover on any loss for which he can establish that he has a cause of action against White. It is not the settlement that gives Gilbreath his cause of action. His cause of action must be based upon its own merits.[4] The only way the payment to Young could have diminished or destroyed his cause of action was if Young had used the proceeds to restore the damaged riding arena to its original value. In this situation, Gilbreath would not have had a loss. The payment to Young does not in itself create a cause of action, and a partial summary judgment was proper against the pleadings based upon this contention.

■ Gilbreath next contends summary judgment could not be granted on White's contention that the statute of limitations had run. White argued the loss forming the basis of the claim occurred on January 6, 1988, the date the outbuilding was damaged by ice. He contends, based on the pleadings, that because the intervention was filed on April 20, 1990, more than two years after the time of the loss, this action was barred by the statute of limitations.

The period of limitations on a cause of action for a violation of the DTPA is two years after the date on which the false, misleading, or deceptive act or practice occurred, or within two years after the consumer discovered, or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice. TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987).

The period of limitations on a cause of action for violations of the Texas Insurance Code is two years after the date on which the unfair method of competition or unfair or deceptive act or practice occurred, or within two years after the person bringing the action discovered, or in the exercise of reasonable diligence should have discovered such

occurrence. TEX.INS.CODE ANN. art. 21.21 § 16(d) (Vernon Supp.1995).

The act of the ice storm damaging the building was not an act triggering the commencement of the statute of limitations for the DTPA or the Insurance Code. That date must be established from the date of the alleged misrepresentation or the discovery of the misrepresentation. The trial court could not have granted a summary judgment on the DTPA and the insurance cause of action based upon the date of the ice damage.

■ The statute of limitations on a cause of action for breach of contract is four years. TEX.CIV.PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986); see Sullivan v. Hoover, 782 S.W.2d 305 (Tex.App.—San Antonio 1989, no writ). According to Gilbreath's allegations, the breach of contract occurred when White represented that the outbuildings would be covered under the policy to be issued, but in fact the mortgagee portion of the policy to Gilbreath covered only the residence and not the outbuildings. When a discovery rule is not pleaded in a contract case, the opposing party is under no duty to anticipate and refute this argument. See Woods v. William M. Mercer, Inc., 769 S.W.2d 515 (Tex.1988). Gilbreath cannot now contend that he did not discover the error until the claim for loss was rejected. The trial court properly granted summary judgment on the contract claim based on the running of the statute of limitations.

The statute of limitations on a cause of action for negligence is two years. TEX.CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986); see Cornerstones Municipal Utility Dist. v. Monsanto Co., 889 S.W.2d 570 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

In negligence cases generally, the basic rule is that a cause of action accrues when the duty of ordinary care is breached by some act or omission on the defendant's part. Zidell v. Bird, 692 S.W.2d 550 (Tex.App.—Austin 1985, no writ); Blondeau v. Sommer, 139 S.W.2d 223 (Tex.Civ.App.—Galveston

---

4. Gilbreath could have gone directly against Young for these proceeds under Young's debt obligation.

1940, writ ref'd). However, an action for negligence cannot be maintained unless some damage has resulted therefrom. *See Bird v. W.C.W.*, 868 S.W.2d 767 (Tex.1994); *Zidell v. Bird*, 692 S.W.2d 550.

In the case at bar, no legal injury occurred until White and the insurance company rejected the claim for damage to the outbuilding on the basis that it was not covered by the insurance policy. For the purposes of Gilbreath's negligence claim, the date of the damage to the building did not begin the running of the statute of limitations, as contended by White. The trial court erred, therefore, in granting summary judgment on the negligence claim based on the running of the statute of limitations.

Gilbreath finally contends the trial court erred in granting summary judgment because White's motion for summary judgment did not discuss, address, or join all the issues brought forth by Gilbreath's pleadings. Gilbreath made claims for violation of the DTPA for breach of the Texas Insurance Code, for negligence, and for breach of contract—none of which were mentioned in White's motion for summary judgment. It is axiomatic one may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. *Chessher v. Southwestern Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex.1983).

White contends all the legal grounds alleged arise out of the same facts. He contends Gilbreath has not demonstrated any fact questions which, if construed in his favor, could result in recovery under any of the theories alleged. However, defendants who move for summary judgment may meet their burden by showing that at least one element of plaintiff's cause of action has been established conclusively against the plaintiff. *Sakowitz, Inc. v. Steck*, 669 S.W.2d 105, 107–08 (Tex.1984), *overruled on other grounds, Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex.1989); *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307, 311 (Tex.1983). Although the motion for summary judgment might be described as sparse and did not divide its contentions in accordance with the various theories pled, we find it sufficient for us to make the foregoing evaluations concerning the summary judgment proof.

The summary judgment granted by the trial court is affirmed as to Gilbreath having no cause of action for the settlement paid to Young and as to the statute of limitations on the contract action. The remainder of the summary judgment is reversed and the causes are remanded to the trial court for trial.