## CRETIEN et al. v. KINCAID.

No. 9603.

Court of Civil Appeals of Texas. San Antonio.

June 19, 1935.

Rehearing Denied July 17, 1935.

1095

Nat L. Hardy, of San Antonio, and W. M. Fouraker, of Dallas, for appellants.

Jesse I. Edwards and Marion A. Olson, both of San Antonio, for appellee.

SMITH, Justice.

In October, 1933, appellee, Joe M. Kincaid, Jr., and appellants, Paul D. Cretien and W. J. Bramblett, as partners, owned and were operating a chemical laboratory in San Antonio; Kincaid having previously purchased from Cretien and Bramblett, for $2,500, a 40 per cent. interest in the business, in which the other two partners each retained a 30 per cent. interest. On July 19, 1933, Kincaid borrowed $1,-000 from a local bank, giving a partnership note therefor, as well as a chattel mortgage upon the partnership assets as security. This note was renewed on September 24, to mature on October 5, but before its maturity the bank sold and transferred the obligation, together with the lien, to one J. F. Buenz.

Differences between the partners Cretien and Bramblett, upon one hand, and Kincaid upon the other, culminated, on October 14, in Cretien and Bramblett bringing suit against Kincaid for an accounting, settlement, and dissolution, and for other remedies not necessary to mention here.

Pending the disposition of that suit, on October 21, 1933, the parties entered into and executed the following contract:

"State of Texas, County of Bexar.

"This agreement made and entered into on this the 21st day of October, 1933, by and between Joe M. Kincaid, Jr., Paul D. Cretien and W. J. Bramblett, Witnesseth:

"That such parties are the sole members of the partnership firm known as 'Texas Testing Laboratories of San Antonio, Texas,' the said Joe M. Kincaid, Jr., owning forty per cent in interest therein, and each of the other partners owning thirty per cent in interest therein. That on October 14, 1933, W. J. Bramblett and Paul D. Cretien filed suit in the 73rd District Court of Bexar County, Texas, such suit being numbered B–73111 in which action plaintiffs prayed for an accounting and settlement of the partnership affairs, and praying for the appointment of a receiver to operate such business and asking that a temporary injunction issue to restrain the sale of certain assets of such firm under and by virtue of a chattel mortgage dated July 19, 1933, executed by the firm and recorded in the chattel mortgage records of Bexar County, Texas, such chattel mortgage having been given by such firm to secure the payment of a note of the firm in the sum of $1,000.00, dated June 24, 1933, payable to the Frost National Bank. That all matters involved in such suit have been settled by this agreement among the above named parties to such suit.

"That such note and chattel mortgage being now held by J. Fred Buenz have this day been renewed and extended for fifteen days from this date, by instrument in writing duly signed by all of the parties to this agreement.

"That as a full, complete and final accounting and settlement of the partnership affairs the said Paul D. Cretien and W. J. Bramblett agree that they will on or before fifteen days from date pay $1,-000.00 towards the discharge of such note and mortgage; that they assume and agree to pay the other outstanding indebtedness of such firm consisting of back rent in the sum of $290.00, and all claims held by G. H. Todd of Dallas, Texas; that they will pay to the said Joe M. Kincaid, Jr., the sum of $500.00 in cash within fifte

days from date and will execute a note payable to his order in the sum of $1,000.-00 on such date, such note to be payable in monthly installments of $25.00 or more each, and to bear interest at the rate of eight (8%) per cent per annum payable monthly and included in such monthly installments, such note to provide that should such payments be in arrears at any time for as much as three months, that the holder thereof may, at his option declare the entire indebtedness immediately due and payable, and to contain the customary attorney's fee clause.

"It is understood and agreed that the said Paul D. Cretien and W. J. Bramblett may be required to give as security for the purpose of borrowing the $1,500.00 above set forth a chattel mortgage on the equipment of the San Antonio Laboratory, and it is agreed that the payment of the said $1,000.00 note above described, payable to Joe M. Kincaid, Jr., shall be secured by a second lien on the equipment of the San Antonio Laboratory; but if such mortgage would prevent the borrowing of such $1,500.00 then the said Joe M. Kincaid, Jr., will accept, providing the outstanding indebtedness thereof does not exceed $1,000.-00, and the said Paul D. Cretien and W. J. Bramblett agree that they will give a chattel mortgage on the equipment of the 'Texas Testing Laboratories of Dallas, Texas,' of which such last named parties are the sole owners.

"That the said Joe M. Kincaid, Jr., shall continue to operate the San Antonio Laboratory until this agreement is carried out and that as compensation for such service, shall be entitled to and shall receive all income of such laboratory for the month of October, less the current expenses, and the said Joe M. Kincaid, Jr., shall render a full and complete account of the revenues and expenditures of such business during such period of time.

"That in consideration of the foregoing, the said Joe M. Kincaid, Jr., agrees that he will within fifteen days from date and upon the carrying out of the foregoing obligations by the said Paul D. Cretien and W. J. Bramblett execute and deliver unto such last named parties a bill of sale of all his interest in the assets of such partnership firm, such transactions to reflect and show the terms and provisions of this agreement.

"It is agreed by all of the undersigned that this contract is a full, complete and final settlement of the partnership affairs, that such partnership is hereby dissolved, and it is expressly stipulated that time is of the essence of this contract, and that it shall be performed in San Antonio, Bexar County, Texas."

It so transpired that appellants could not, within the 15 days prescribed in the agreement, raise the money with which to meet the obligations imposed upon them as a condition upon which appellee was required to perform, and, as time was made the essence of the contract, the negotiations thereunder came to naught.

The negotiations failing, Buenz, the holder of the partnership note and of the mortgage upon the partnership assets, and in the exercise of the power so given him in the mortgage, had the property sold at public auction. No one was present at this sale but Buenz, himself, and appellee, Kincaid, who, apparently, were friends, officemates, and business associates in other matters. Buenz, alone, bid upon the property, and struck it off to himself for $250. He thereupon resold it to appellee, for a like sum, which was credited on Buenz's note. Appellee then paid Buenz the deficiency, $750, and took title to the partnership assets, free of the incumbrance. He also paid the back rent, $290. It should be added that, throughout all these negotiations and transactions, appellee had retained sole possession of the partnership business, and appropriated the revenues derived from its operations, but made no accounting therefor to appellants, as required of him by law, as well as in the contract upon which he sued. The ultimate outcome was that appellee acquired the partnership business, freed of incumbrance, for a cash outlay of $1,290, and appellants, left with no interest in the business, are saddled with a judgment for $2,540, the maximum amount chargeable against them in the executory, if not purely optional, contract, no part of which was ever performed by either party thereto.

In the meantime, the original suit brought against Kincaid by Cretien and Bramblett, for accounting, settlement, and dissolution, remained on the docket, and on December 2, following the failure of the settlement, Kincaid filed a cross-action therein against his former partners, for damages, in the amount of $2,540, for their breach of the contract of settlement. Whereupon Cretien and Bramblett took a nonsuit as to the original action against

Kincaid, and answered his cross-action by general demurrer and general denial. The case made by the cross-action was tried before the court, without a jury, and resulted in a judgment for Kincaid, against Cretien and Bramblett, for $2,540, being the amount sued for, and the latter have appealed.

It will be observed that the suit was for damages, as distinguished from one for specific performance; appellee so grounded his prayer, and the trial court so rendered judgment.

Appellants base their appeal upon two propositions; the second of which is that the judgment for $2,540 exceeds the amount prayed for in appellee's prayer, to wit, $2,500. In his petition appellee clearly set out specific items of damages, which aggregate, without interest, the sum of $2,540, and that was the amount for which he recovered, although, as pointed out by appellants, his general prayer was for $2,-500. The settled rule in this state is that a pleader's cause of action depends upon the allegations of specific facts in his pleading rather than upon his general prayer for relief (Lee v. Boutwell, 44 Tex. 46), and that the amount of damages sought must be ascertained from the itemization thereof in the body of his pleading, rather than from the general prayer. Houston & T. C. R. Co. v. Rogers (Tex. Civ. App.) 117 S. W. 1053. Appellants' second proposition is, accordingly, overruled.

In their first proposition appellants challenge the measure of damages applied, and the amount awarded by the trial court. The court measured appellee's damages by the total amount of the obligation assumed toward him by appellants in the contract, for breach of which appellee laid his damages. Appellants contend that the true measure was the amount of appellee's pecuniary loss by reason of the breach.

The general rule is, that the measure of damages for breach of contract, is that "which affords the injured party conpensation for the pecuniary loss suffered by him, placing him as nearly as possible in the position that he would have occupied if the defaulting party had performed the contract." 13 Tex. Jur. p. 84, § 15. No reason has been advanced to this court, and we perceive none, which would remove this contract, in view of the

nature of this suit thereon, from the operation of that general rule. It is true, as appellee contends, that an agreement for the dissolution of a partnership measures and fixes the rights and liabilities of the respective partners; but that is no more than may be said of any contract.

Applying the general rule here, there was no evidence to show the amount, if any, of actual damages sustained by appellee by reason of the default of appellant, and as that measure was not sought to be applied by the trial court, and as recovery was predicated upon a different and erroneous measure, the judgment is without support.

Appellants contend in their brief that appellee and Buenz colluded together to defraud appellants out of their interest in the partnership business, and the evidence tends to support that contention; but as appellants did not plead the issue of fraud and collusion, they cannot urge it here.

We are of the opinion that the cause was pleaded and tried upon an erroneous theory, and the rights and liabilities of the parties adjudicated upon an erroneous basis. Accordingly, the judgment will be reversed and the cause remanded.

In view of another trial, we deem it proper to make these observations for the consideration of the parties, and of the trial court, so the matters now to be suggested may be developed and adjudicated below:

1. Upon its face, the contract sued on appears to be no more than option, to have been exercised within the time therein prescribed, and the failure of its consummation had the effect of relegating the parties to the status occupied by them as partners prior to the execution of the agreement.

2. That as the contract for dissolution thus failed, and as the parties were thereby relegated to the status of partners, appellee's subsequent dealings with the partnership assets will be deemed in law for the benefit of the partnership, requiring him to account therefor to the partnership, and giving him the right to such reimbursement from the partnership as he may show himself entitled to.

Reversed and remanded.