## JOE M. KINCAID, JR., V. PAUL D. CRETIEN ET AL.

No. 6992.  Decided January 12, 1938.
(111 S. W., 2d Series, 1098.)

*Marion A. Olson, Jesse I. Edwards* and *Randle Taylor,* of San Antonio, for plaintiff in error.

Upon the failure of a partner to discharge obligations which he has promised his copartner to pay, the copartner, if he is required to make such payment, is entitled to recover such amount from the defaulting partner. International Amusement Co. v. Alderete, 289 S. W. 167; Henry v. Chapman, 16 S. W. 543; Humble Oil & Refining Co. v. Wood, 292 S. W. 200.

*Nat L. Hardy,* of San Antonio, and *W. M. Fouraker,* of Dallas, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error Joe M. Kincaid, Jr., and defendants in error Paul D. Cretien and W. J. Bramblett were partners in the ownership and operation of a chemical laboratory in San Antonio. The defendants in error brought suit against plaintiff in error for an accounting, settlement and dissolution of the partnership. While the case was pending the parties entered into the following contract:

"STATE OF TEXAS,
 COUNTY OF BEXAR.

"This agreement made and entered into on this the 21st day of October, 1933, by and between Joe M. Kincaid, Jr., Paul D. Cretien and W. J. Bramblett, WITNESSETH:

"That such parties are the sole members of the partnership firm known as 'Texas Testing Laboratories of San Antonio, Texas,' the said Joe M. Kincaid, Jr., owning forty per cent in interest therein, and each of the other partners owning thirty per cent in interest therein. That on October 14, 1933, W. J. Bramblett and Paul D. Cretien filed suit in the 73rd District Court of Bexar County, Texas, such suit being numbered B-73111 in which action plaintiffs prayed for an accounting and settlement of the partnership affairs, and praying for the appointment of a receiver to operate such business and asking that a temporary injunction issue to restrain the sale of certain assets of such firm under and by virtue of a chattel mortgage dated July 19, 1933, executed by the firm and recorded in the chattel mortgage records of Bexar County, Texas, such chattel mortgage having been given by such firm to secure the payment of a note of the firm in the sum of $1000.00, dated June 24, 1933, payable to the Frost National Bank. That all matters involved in such suit have been settled by this agreement among the above named parties to such suit.

"That such note and chattel mortgage being now held by J. Fred Buenz have this day been renewed and extended for fifteen days from this date, by instrument in writing duly signed by all of the parties to this agreement.

"That as a full complete and final accounting and settlement of the partnership affairs the said Paul D. Cretien and W. J. Bramblett agree that they will on or before fifteen days from date pay $1000.00 towards the discharge of such note and mortgage; that they assume and agree to pay the other outstanding indebtedness of such firm consisting of back rent in the sum of $290.00, and all claims held by G. H. Todd of Dallas, Texas; that they will pay to the said Joe M. Kincaid, Jr., the sum of $500.00 in cash within fifteen days from date and will execute a note payable to his order in the sum of $1000.00 on such date, such note to be payable in monthly installments of $25.00 or more each, and to bear interest at the rate of eight (8%) per cent per annum payable monthly and included in such monthly installments, such note to provide that should such payments be in arrears at any time for as much as three months, that the holder thereof may, at his option declare the entire indebtedness immediately due and payable, and to contain the customary

attorney's fee clause.

"It is understood and agreed that the said Paul D. Cretien and W. J. Bramblett may be required to give as security for the purpose of borrowing the $1500.00 above set forth a chattel mortgage on the equipment of the San Antonio Laboratory, and it is agreed that the payment of the said $1000.00 note above described, payable to Joe M. Kincaid, Jr., shall be secured by a second lien on the equipment of the San Antonio Labaratory; but if such mortgage would prevent the borrowing of such $1500.00 then the said Joe M. Kincaid, Jr., will accept, providing the outstanding indebtedness thereof does not exceed $1000.00, and the said Paul D. Cretien and W. J. Bramblett agree that they will give a chattel mortgage on the equipment of the 'Texas Testing Laboratories of Dallas Texas,' of which such last named parties are the sole owners.

"That the said Joe M. Kincaid, Jr., shall continue to operate the San Antonio Laboratory until this agreement is carried out and that as compensation for such service, shall be entitled to and shall receive all income of such laboratory for the month of October, less the current expenses, and the said Joe M. Kincaid, Jr., shall render a full and complete account of the revenues and expenditures of such business during such period of time.

"That in consideration of the foregoing, the said Joe M. Kincaid, Jr., agrees that he will within fifteen days from date and upon the carrying out of the foregoing obligations by the said Paul D. Cretien and W. J. Bramblett execute and deliver unto such last named parties a bill of sale of all his interest in the assets of such partnership firm, such transactions to reflect and show the terms and provisions of this agreement.

"It is agreed by all of the undersigned that this contract is a full, complete and final settlement of the partnership affairs, that such partnership is hereby dissolved, and it is expressly stipulated that time is of the essence of this contract, and that it shall be performed in San Antonio, Bexar County, Texas."

Defendants in error were unable to perform the obligations imposed upon them, but wholly breached the contract. Thereafter, the owner of the mortgage lien referred to in the contract had the property sold at public auction and bought it in for the sum of $250.00, and then sold it to plaintiff in error Kincaid for a total consideration of $1,000.00. Kincaid paid back rent to the amount of $290.00 and thereafter answered in the suit theretofore filed against him by defendants in error and by cross action sought damages against them for breach of contract. The defendants in error, plaintiffs in the original suit, took a nonsuit in the case and same was tried on the cross action, resulting in

a judgment in favor of plaintiff in error for $2,540.00, the purchase price which defendants in error agreed in the contract to pay him for his interest in the partnership property. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. 84 S. W. (2d) 1094.

■ The application for writ of error was granted on assignments complaining of the holding of the Court of Civil Appeals that the contract appeared to be no more than a mere option. We do not concur in that view. We regard the contract as an executory contract for the sale by Kincaid to his partners of his interest in the business, which contract if and when carried out would effect a dissolution of the partnership. But that difference of opinion with regard to the character of contract does not affect the judgment to be entered in the case. We are well convinced that the Court of Civil Appeals has correctly decided the case on the assignments presented, and but little need be written by us thereon.

■ There were only two assignments of error in the Court of Civil Appeals. One was that the judgment exceeded the amount prayed for in the petition. The Court of Civil Appeals correctly overruled that assignment upon the grounds stated in its opinion. The other assignment was that the trial court erred in rendering judgment in favor of Kincaid on his cross action for $2,540.00 because there was no evidence to support the finding that he sustained damages in that amount. The Court of Civil Appeals correctly sustained that assignment.

The suit was for damages for breach of contract and not one for specific performance. We have carefully read the short statement of facts. Kincaid was the only witness to testify. It appears that while on the witness stand he was asked whether or not he was familiar with the value of the assets of the partnership and replied that he was, but the matter was pursued no further and there is no testimony as to its value at any time. There was testimony that the good will of the business had no value, but no testimony as to the value of the other assets. With the record in that condition, there is no evidence of the amount of damages sustained by Kincaid on account of the breach. The trial court seems to have entered judgment on the theory that the suit was one for the purchase price. That was clearly not the nature of the suit, as pointed out by the opinion of the Court of Civil Appeals, for the sale was never consummated and specific performance was not sought in the petition. In order to determine the amount of damages, if any, suffered by Kincaid it was necessary to establish the value of his interest in the

business at the time the contract should have been performed and arrive at the amount of damages by subtracting that value from the contract price.

The foregoing disposes of the only questions raised by assignments and we express no opinion on other questions discussed in the briefs.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court January 12, 1938.