## BUIST v. CONNELL et al.

No. 2816.

Court of Civil Appeals of Texas. Eastland.

Sept. 22, 1950.

Rehearing Denied Oct. 13, 1950.

Jack W. Frost, Eastland, Walker F. Means, Grand Saline, K. M. Geddes, El Dorado, Kan., for appellant.

Turner & Seaberry, Eastland, O. J. Connell, Jr., El Dorado, Kan., Gale Moss, El Dorado, Kan., Conner & Conner, Eastland, Marshall Newcomb, Warren J. Collins and E. H. Selecman, all of Dallas, for appellees.

COLLINGS, Justice.

This suit was brought by appellant, F. J. Buist, in trespass to try title. He sought to recover the mineral interest in 118 acres of land, more or less, situated in Eastland County, Texas, and to recover payments for oil and gas alleged to be due from the Premier Oil & Refining Company of Texas, and the Lone Star Gas Company. Appellees, O. J. Connell, Jr., Sarah Lou Stone, John R. Connell and Mary Jo Higgins and their respective spouses, real parties defendant in the trial court, filed a general denial, a plea of not guilty and a verified plea of non est factum as to the two purported mineral deeds under which appellant, F. J. Buist, claims title. Appellees also filed a cross action for the title and possession of said minerals and the oil and gas runs accruing therefrom, and in such cross action, again denied under oath the execution of the mineral deeds to appellant. The case was tried before the court without a jury and judgment rendered on January 21, 1950, decreeing appellees to be the owners of the mineral interest involved and that they were entitled to be paid for the oil and gas received by Premier Oil Refining Company of Texas and the Lone Star Gas Company as such payments have been tendered into court in the sum of $9,645.24 and denying to appellant, F. J. Buist, recovery of the title and possession of such mineral interest and oil and gas payments. F. J. Buist has appealed.

There is no controversy between any of the parties and the defendants, Premier Oil Refining Company of Texas and the Lone Star Gas Company, who have no interest in the cause other than as stake holders.

At the request of appellant, the court filed findings of fact, the substance of which is hereinafter set out. Portions thereof not essential as a basis for the judgment rendered are, for the sake of brevity, omitted.

The plaintiff and cross-defendant, F. J. Buist, is a resident of Kansas. At all times mentioned herein, from March 26, 1931, to the date of this trial, M. M. Buist was and is the wife of the plaintiff. At all times pertinent hereto, during the lifetime of O. J. Connell, Sr., M. M. Buist was the confidential secretary of O. J. Connell, Sr., and had access to all of his books and records and had personal knowledge of all the facts surrounding the purchase of the properties herein involved by O. J. Connell, Sr., from Diana Oil Company, Inc., in October, 1945.

O. J. Connell, Sr., and wife, Clara R. Connell, were married once and once only; each died intestate and left as their sole surviving heirs at law the defendants and cross-plaintiffs, viz., O. J. Connell, Jr., John R. Connell, Sarah Lou Stone and Mary Jo Higgins. Clara R. Connell died intestate in Kansas on June 25, 1940, and O. J. Connell, Sr., died intestate in Kansas on August 3,

1947. O. J. Connell, Sr., became seriously ill in February, 1947, and he did not fully regain his health after said time. He was under the care of doctors and was hospitalized at various times after said time. He lapsed into coma and unconsciousness on July 8, 1947, and died on August 3, 1947.

The subject matter of this suit is certain oil, gas and mineral rights and royalty interest under certain lands located in Eastland County, Texas. Oil and gas are being produced from said properties. The oil is being purchased by the defendant Premier Oil Refining Company of Texas, which has held in suspense the payment for oil received for the past several months. The gas from said premises is being purchased by Lone Star Gas Company, which has held in suspense the payment for gas received for the past several months. Lone Star Producing Company has a valid oil and gas lease on said land, and the validity of said lease is not involved in this suit.

A. J. August is the common source of title.

On August 22, 1929, A. J. August and wife, for a valuable consideration, as grantors, executed to O. J. Connell, Sr., and C. C. Sheldon, two instruments by which they conveyed a full, undivided one-half interest in and to all the oil, gas and other minerals in and under the two described tracts of real property situated in the County of Eastland and the State of Texas, being the property here in question, for a term of fifteen years from date thereof and as long thereafter as oil or gas might be produced from said land, subject to an oil and gas lease then existing upon said land.

That the above two conveyances were placed in the name of O. J. Connell, Sr., and C. C. Shelden for convenience only and that they, in fact, held said properties in trust for the Diana Oil Company, Inc., a corporation organized under the laws of the State of Kansas, now dissolved. At the time of the dissolution of Diana Oil Company, Inc., O. J. Connell, Sr., was the rightful owner and holder of more than fifty-one per cent of its capital stock. That on October 31, 1945, O. J. Connell, Sr., and M. M. Buist were officers of the Diana Oil Company, Inc.

Prior to October 31, 1945, the stockholders and directors of the Diana Oil Company, Inc., determined to dissolve said corporation and sell its assets. At that time the mineral interests involved herein had a nominal value only. That during the last illness of O. J. Connell, Sr., the above described properties became more valuable by reason of the deepening of existing oil and gas wells located thereon and the drilling of new wells, but that O. J. Connell, Sr., during his lifetime had no personal knowledge of such increase in value.

On October 31, 1945, the stockholders and directors of the Diana Oil Company, Inc., unanimously agreed to sell said mineral interests by having O. J. Connell, Sr., and Elizabeth Shelden, sole devisee and beneficiary under the will of her husband, C. C. Shelden, execute a valid conveyance. Two such valid conveyances were, in fact, executed on said October 31, 1945, conveying the same interests here in question. That O. J. Connell, Sr., became the purchaser in good faith, for a valuable consideration, of said mineral interests. That instead of inserting the name of O. J. Connell, Sr., as the grantee in said deeds, the name of P. H. Harris was inserted therein as grantee at the special instance and request of O. J. Connell, Sr., for his convenience and with the knowledge of M. M. Buist, his confidential secretary. That P. H. Harris, purchaser, was not, is not and never was an actual, physical person, but at all times was a fictitious person and his name was used by O. J. Connell, Sr., lawfully for the purpose of evidencing ownership of the above described properties in O. J. Connell, Sr. That the Board of Directors and the stockholders of the Diana Oil Company, Inc., knew and discussed and approved said sale. That the purchase of said property and interests by O. J. Connell, Sr., using lawfully and for convenience only the name of P. H. Harris, was a bona fide, lawful and binding transaction. That O. J. Connell, Sr., paid a valuable consideration to Diana Oil Company, Inc., for said conveyance, which consideration was equal to or in excess of the reasonable market value and true worth of said property and that the directors of the Diana Oil Com-

pany, Inc., authorizing said sale constituted a majority of the Board without counting the vote of O. J. Connell, Sr., as a director. That the books and records of O. J. Connell, Sr., show that his personal funds were used in paying the consideration to Diana Oil Company, Inc., for said conveyance. That a check was issued by O. J. Connell, Sr., to Diana Oil Company, Inc., for the purchase price of said interests. That M. M. Buist has had possession of all the cancelled checks of O. J. Connell, Sr., and this particular cancelled check could not be found and was not produced upon the trial of the case.

That subsequent to October 31, 1945, transfer orders were prepared by Premier Oil Refining Company of Texas and Lone Star Gas Company evidencing the ownership of said interests in P. H. Harris. That said transfer orders were executed by O. J. Connell, Sr., using the name of P. H. Harris, a fictitious person, and that the signature of P. H. Harris on each of said transfer orders is in the genuine handwriting of O. J. Connell, Sr.

From October 31, 1945, up to and including May, 1947, O. J. Connell, Sr., received the proceeds and profits from the operations for oil and gas production on the above described interests, received checks from the pipe line companies issued to P. H. Harris, endorsed or had endorsed said checks with the full knowledge and consent of M. M. Buist, and the proceeds thereof were deposited to the personal account of O. J. Connell, Sr. During the same time, O. J. Connell, Sr., paid the taxes and assessments levied upon said property and the income therefrom and reported the same as a part of his annual income to the United States Government.

That income from said property and interests above described for the period from May, 1947, to September, 1947, in the amount of $399.83, paid during the illness and incapacity of O. J. Connell, Sr., and shortly after his death, was appropriated from O. J. Connell, Sr., and his heirs by plaintiff, F. J. Buist, by and through M. M. Buist, his wife, and that said income so appropriated was the property of O. J. Connell, Sr., and/or his heirs above named.

That by two purported instruments of conveyance bearing date of July 22, 1947, and bearing the purported signature of P. H. Harris, the above interests were attempted to be conveyed to F. J. Buist, who claims ownership thereunder. That said two purported instruments dated July 22, 1947, are recorded in the Deed Records of Eastland County, Volume 403, Pages 327 and 328, and Volume 403, pages 328, 329 and 330. That said purported instruments dated July 22, 1947, were and are in fact instruments upon which the name of P. H. Harris was written by M. M. Buist, wife of plaintiff, and the said name P. H. Harris is in the handwriting of M. M. Buist upon each of said instruments. That the purported acknowledgment upon each of said instruments is and was taken by M. M. Buist, wife of the plaintiff, as a notary public in and for Butler County, Kansas. That M. M. Buist at said time, by virtue of being the wife of plaintiff F. J. Buist, was wholly disqualified from taking either of said acknowledgments even if P. H. Harris was a real person, which he was not. That said M. M. Buist is the same person who was an officer of Diana Oil Company, Inc., upon its dissolution. That F. J. Buist, plaintiff, and M. M. Buist were husband and wife on July 22, 1947, and ever since, and that M. M. Buist was disqualified from taking any acknowledgments conveying property to her husband which in law would be their community property. That the said instruments dated July 22, 1947, are false, fraudulent and forged, and that neither of said deeds purported to have been signed by P. H. Harris was signed by P. H. Harris or by his authority, and that no interest in said minerals passed by said purported instruments.

That subsequent to July 22, 1947, certain transfer orders were prepared by Premier Oil Refining Company of Texas and Lone Star Gas Company evidencing the purported sale of said interests to plaintiff. That said transfer orders were not signed by P. H. Harris, who was and still is a fictitious person, but the name of P. H. Harris was signed to all of said transfer orders by M. M. Buist, wife of the plaintiff, and said signatures are in her own handwriting and

462

are void, fraudulent and forged. That P. H. Harris signed neither of said transfer orders.

The Premier Oil Refining Company of Texas has tendered into Court the sum of $8,945.42, the purchase price of oil held in suspense and the Lone Star Gas Company has tendered into Court the sum of $699.82, the purchase price of gas held in suspense.

■ We cannot agree with appellant that the burden was on appellees to prove that P. H. Harris did not execute the two mineral deeds to F. J. Buist and to prove that P. H. Harris was a fictitious person used by O. J. Connell, Sr., to hold title to the property involved. Appellant F. J. Buist, as plaintiff in the trial court, had the burden of proving his case which included the execution of the two mineral deeds by P. H. Harris, regardless of whether Harris was a real or fictitious person. Munzesheimer v. Leopold, Tex.Civ.App., 163 S.W.2d 663 (Error Ref.); Bracewell v. Balentine, Tex. Civ.App., 25 S.W.2d 279; 17 Tex.Jur., Sec. 92, Page 314; 13 Tex.Law Rev., page 33; McCormick & Ray, "The Law of Evidence," Sec. 22, page 27, et seq.

■ The fact that appellees denied under oath the execution of the mineral deeds from P. H. Harris to appellant did not shift the burden of proof to them but instead, cast upon appellant Buist the burden of proving the execution of the mineral deeds in accordance with the rules of the common law rather than under the statute. Killer, et al. v. Miller, 207 S.W.2d 684, (Error Ref.); Michaelson v. Green, et al., Tex.Civ.App., 85 S.W.2d 1116, (Error Dism.); Steiner v. Jester, 86 Tex. 415, 25 S.W. 411; Art. 3726, Vernon's Rev.Civ. Stat.; Rule 93, Rules of Civil Procedure; 17 Tex.Jur., Sec. 103, page 332.

■ Appellant further contends that the evidence is insufficient to sustain the findings of fact by the trial court upon which the judgment is based, particularly the findings that P. H. Harris did not execute the mineral deeds to appellee and that Harris was only a fictitious person used by O. J. Connell, to hold title to the property. Appellant's right to recover hinges upon the two mineral deeds purporting to convey the property involved from P. H. Harris to F. J. Buist. The finding of the court that these instruments were forged (and appellant had the burden of proving them valid) is, in our opinion, amply supported by the evidence. Although it is true that appellant's wife, M. M. Buist, testified that P. H. Harris was a real person and that he signed mineral deeds which she herself, as notary public, acknowledged, she was, as the wife of appellant, an interested witness and the court was not bound by her testimony. Several other witnesses who were employees of or closely connected with Sanco Oil Company or the Diana Oil Company, testified that they had never seen a man by the name of P. H. Harris nor had they ever heard of such a person until the controversy arose.

Appellant, who is the husband of M. M. Buist, was not present at the trial and did not testify by deposition. Charles C. Scott, who qualified as a handwriting expert, testified that the signature of P. H. Harris on the two mineral deeds in question were in the handwriting of M. M. Buist and that the signatures of P. H. Harris to the transfer orders purporting to authorize the Premier Oil Company and the Lone Star Gas Company to make royalty payments to F. J. Buist were also in the handwriting of M. M. Buist. It was admitted by M. M. Buist that she signed the names of the witnesses to the transfer orders and that the parties whose names were so signed as witnesses had no knowledge thereof at the time and were not advised of her action in signing their names until about two years later. The personal account books and records of O. J. Connell, Sr., indicate that he purchased the mineral interests here involved from the Diana Oil Company in 1945 for $450.00 and paid therefor with his personal check. Although the deeds were made to P. H. Harris, O. J. Connell, Sr., had them recorded in Eastland County and paid the recording fee by his personal check. The witness Scott also testified that the signature of P. H. Harris to the transfer orders authorizing payment of the oil and gas royalties to P. H. Harris was in the handwriting of O. J. Connell, Sr.

From 1945 until shortly before his death, O. J. Connell, Sr. received the checks for oil and gas runs from the Lone Star Gas Company and the Premier Oil Refining Company of Texas, payable to P. H. Harris, deposited such checks to his own account and paid personal income taxes thereon. There was evidence that the endorsements "P. H. Harris" on such checks deposited to the account of O. J. Connell, Sr. were in the handwriting of M. M. Buist who, at that time, was his personal secretary. O. J. Connell, Sr. also paid ad valorem taxes to Eastland County on such mineral interest from 1945 until the time of his death. The evidence further shows that O. J. Connell, Sr. was seriously ill from February, 1947 to the date of his death on August 3, 1947, and that he became unconscious on July 8th prior to the time of the purported mineral deeds from P. H. Harris to F. J. Buist dated July 22, 1947 and that he could not have executed such instruments.

In our opinion, the evidence is sufficient to support the findings of fact made by the trial court and the judgment based thereon.

■ In appellant's point 4, it is contended that the case should be reversed "because the court permitted the appellees to introduce voluminous evidence in variance with the pleadings and the issues formed by them and relate only to collateral and unrelated transactions, thus permitting a fatal variance between pleadings and proof." The evidence complained of by appellant consisted of approximately 50 exhibits which included transfer orders to P. H. Harris and F. J. Buist, photostatic copies of checks issued to or by O. J. Connell, Sr., P. H. Harris, F. J. Buist or M. M. Buist, and various other instruments or records most of which showed signatures of parties involved in this suit. A detailed discussion of the various exhibits would unduly prolong this opinion. We have, however, carefully considered the arguments and authorities presented by appellant in regard thereto and find no reversible error. Many of the exhibits showed admitted or standard signatures; others tended to show ownership or receipt of income from the properties and all were more or less directly connected with some issue involved in this case. The point is overruled.

■■ Appellant contends in his 5th point that this case should be reversed because "if O. J. Connell, Sr. fraudulently executed documents affecting the mineral interests in question in the name of P. H. Harris and fraudulently caused the title to said land to appear of record in the name of P. H. Harris, he places himself in such a position that both he and his heirs were and are estopped to contest a conveyance by P. H. Harris and the law leaves him and his heirs in such position." In this point appellant assumes a fact situation as a basis for his contention which is in direct conflict with specific findings of the trial court. The court found that O. J. Connell, Sr. in purchasing the property and interest in question, used the name of P. H. Harris for convenience only, and that the transaction was a bona fide one within the knowledge of M. M. Buist. In our opinion, this finding is supported by the evidence and appellant's fifth point is, therefore, without merit. It is further noted that no such contention was urged in the trial court. The question of fraud or estoppel was not raised by appellant's pleadings nor was the case tried on that theory. It cannot now be urged on appeal. Dunlap v. Oak Cliff Pharmacy Co., Tex.Civ.App., 288 S.W. 236 (Writ Ref.); Smith v. Clark, Tex.Civ. App., 266 S.W. 518, (Writ Ref.); Cretien v. Kincaid, Tex.Civ.App., 84 S.W.2d 1094 (San Antonio); affirmed 130 Tex. 513, 111 S.W.2d 1098; Benefit Ass'n of Ry. Employees v. O'Gorman, Tex.Civ.App., 195 S.W.2d 215 (Writ Ref.).

The judgment of the trial court is affirmed.

### On Motion For Rehearing

Appellant insists in his motion for rehearing that we erred in overruling his 5th point to the effect that if O. J. Connell, Sr. fraudulently obtained and caused the title to the land in question to appear in the name of P. H. Harris that he and his heirs are estopped to contest a conveyance by P. H. Harris.

■ If it should be held that the act of O. J. Connell, Sr. in securing the title

to said land and causing it to appear of record in the name of P. H. Harris was fraudulent, as contended by appellant, and if it be held that such question is properly raised, still appellant could not prevail. Appellant is plaintiff in trespass to try title and has the burden of showing title in himself. The claim of title upon which he relies is through Harris. Even if it should be held that the conveyance from Diana Oil Company to Harris was absolutely void, appellant could not benefit since it would destroy the very title under which he claims. Actually, the fraud, if any, claimed by appellant, was against Diana Oil Company and constituted not a void transaction but a voidable one. Such fraud, if any, might be urged by Diana Oil Company but is not available to appellant who has been found by the court to hold under a forged title and is a stranger to the title of the Diana Oil Company. Under such circumstances, neither O. J. Connell, Sr. nor his heirs were estopped to contest the forged conveyance.

The motion for rehearing is overruled.