

PRICE DANIEL
ATTORNEY GENERAL

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

October 17, 1951

Hon. Murray H. Nance, Jr.
County Attorney
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. V-1322

Re: Eligibility of a member of the
Board of Equalization of an
independent school district to
serve on the County Board of
School Trustees.

In your request for an opinion you state that a person was elected as a member of the Grayson County School Board in April, 1951, and qualified at the first meeting in May following the election. Thereafter, he accepted appointment by the Sherman Independent School District to its Board of Equalization, qualified and served as a member of that board, receiving as compensation for such services the sum of $250.00. You then ask the following question:

Does a member of a county school board who accepts, qualifies, serves, and receives compensation for service as a member of an equalization board of an independent school district vacate his office as a member of the county school board?

Section 40 of Article XVI of the Constitution of Texas provides:

"No person shall hold or exercise, at the same time, more than one Civil Office of emolument, except . . . [exceptions not pertinent herein]."

Article 2676, V.C.S., provides in part as follows:

"The general management and control of the public free schools and high schools of each county, unless otherwise provided by law shall be vested in five (5) county school trustees elected from the county, . . . who shall hold office for a term of two years. The time for such election shall be the first Saturday in April of each year; . . . All vacancies shall be filled by the remaining trustees. . . ."

Article 2687, V.C.S., provides further:

"The County School Trustees shall hold meetings once each quarter, on the first Monday in August, February, May and November, or as soon thereafter as practicable, and at other times when called . . . Each Trustee shall be paid Six Dollars ($6) per day, but not to exceed Seventy-two Dollars ($72) in any one year, for the time spent in attending such meetings . . ."

Clearly, under these statutes, a county school trustee holds a civil office of emolument. Att'y Gen. Ops. O-7323 (1946), O-4628 (1942); Att'y Gen. Ltr. Ops. Vol. 241, p. 539 (1921).

Under Articles 2791 and 2792, V.C.S., independent school districts which have their taxes assessed by their own special tax assessor are required to provide a board of equalization before which the citizen is entitled to appear and be heard upon any assessment of his property. Miller v. Vance, 107 Tex. 485, 180 S.W. 739 (1915); St. Louis Southwestern Ry. v. Naples Ind. School Dist., 30 S.W.2d 703 (Tex. Civ. App. 1930); Att'y Gen. Op. O-3734 (1941). Those statutes provide for the appointment of a board of equalization by the board of trustees of the independent school district. They further provide that the board of trustees shall have the same power with reference to the assessment and collection of taxes for free school purposes that are conferred by law upon the assessor and collector of taxes in and for any incorporated city, town, or village. Thus, we are referred to Article 1048 providing for the appointment of a board of equalization, to Article 1056 which provides for compensation of the board, and to Article 1060a, which makes available all the provisions of Title 122, R.C.S. 1925, in so far as same may be necessary to all school districts. Republic Ins. Co. v. Highland Park Ind. School Dist., 129 Tex. 55, 102 S.W.2d 184 (1937). Article 7215, V.C.S., prescribes the oath to be taken by members of the board of equalization.

The definition of public office as used in Section 40 of Article XVI of the Constitution of Texas, defined in part by the Supreme Court in Kimbrough v. Barnett, 93 Tex. 301, 55 S.W. 120 (1902), is summarized in 34 Tex. Jur. 322, Public Officers, Sec. 2, as follows:

"It is said to be a right to exercise a public function or employment and take the fees or emoluments belonging to it; 'a public station or employment conferred by the appointment of government'; and 'the right, authority and duty created and conferred by law, by which, for a given period, either fixed by law, or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to

be exercised by him for the benefit of the public.'
The individual so invested is a public officer."

A similar statement of this rule may be found in Knox v.
Johnson, 141 S. W.2d 698 (Tex. Civ. App. 1940, error ref.); Robert-
son v. Ellis County, 84 S.W.2d 1097 (Tex. Civ. App. 1905); 53 A.L.R.
595; Mechem, Public Offices and Officers (1889) 5.

Applying that test here, it is our opinion that a member of
a board of equalization of an independent school district (the mem-
bers thereof receiving compensation for service thereon) holds, as
such, an office of emolument within the meaning of Section 40 of
Article XVI of the Constitution of Texas. Att'y Gen. Ltr. Ops. Vol.
382, p. 905 (1938); Att'y Gen. Op. O-3175 (1941). See Nalle v. City
of Austin, 56 S. W. 954 (Tex. Civ. App. 1900, error ref.); Zachary
v. City of Uvalde, 42 S.W.2d 417 (Tex. Comm. App. 1931).

In the case of Pruitt v. Glen Rose Ind. School Dist., 126
Tex. 45, 84 S.W.2d 1004, 1007 (1935), the court cites the following
rule summarized in 34 Tex. Jur. 354, Public Officers, Section 19:

> "Having elected to accept and qualify for the sec-
> ond office, ipso facto and as a matter of law, he va-
> cates the first office. This is true where both of-
> fices are places of emolument, . . . In such circum-
> stances the constitutional provision that all officers
> shall continue to perform the duties of their offices
> until a successor has been qualified does not apply."

Accordingly, by virtue of the provisions of Section 40 of
Article XVI of the Constitution, we agree with you that one person
may not at the same time legally hold both the office of county
school trustee and the office of membership on the board of equal-
ization of an independent school district. Acceptance of and qual-
ification for the latter office operates to vacate the former.

## SUMMARY

By virtue of the provisions of Section 40 of Ar-
ticle XVI of the Constitution of Texas, one person
may not at the same time legally hold both the of-
fice of county school trustee and the office of mem-
bership on the board of equalization of an independent

school district, and acceptance of and qualification for the latter office operates to vacate the former.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

PRICE DANIEL
Attorney General

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:awo:b