**AMERICAN GENERAL INSURANCE COMPANY, Appellant,**

v.

**Tom SESSIONS, Appellee.**

No. 10724.

Court of Civil Appeals of Texas.

Austin.

Feb. 3, 1960.

John S. Wade, Austin, for appellant.

Davee & Davee, Brady, for appellee.

ARCHER, Chief Justice.

This proceeding was begun by the insti-tution of a suit in the Justice Court by Tom Sessions against American General Insurance Company for $162.50 claimed to be due by reason of a payment of $162.-50 to Raymond R. Cambron on account of a collision between a truck owned by Joe D. Hughes, Inc. and a car owned by Cam-bron on which Sessions held a chattel mortgage duly recorded, and that the pay-ment should have been made to Sessions, and in failing to do so the Insurance Com-pany converted the car to Sessions' dam-age, and sought $25 as attorney's fees.

On trial a judgment was rendered for the Insurance Company and from which judgment Sessions appealed to the County Court. The County Clerk's notation shows that the appeal was filed in the County Court on August 20, 1958.

On April 14, 1959, the judgment was rendered in which Sessions recovered $162.-50 as damages and $25 as attorney's fees and costs against the Insurance Company.

On April 22, 1959, the Insurance Compa-ny filed a Motion for a New Trial, which was overruled on the same day, and set out that its attorney was advised by letter from the Court dated April 8, 1959 and received on April 10, 1959, that the case was set for trial on April 14, 1959 and that the attorney advised the Court that he could not try the case and asked for a postpone-ment, but no formal motion was filed. De-fense counsel was not advised of the judg-ment until April 20, 1959.

At the request of defendant the Court made findings of fact and conclusions of law, finding that the case had been on file since early in August, 1958, and of the no-tice to defendant's attorney of a setting for April 14, 1959; that a letter was received from counsel expressing a desire for a jury trial but no motion was filed or jury fee paid, and that the Court did not agree to postpone the case, and that on the call of the case the defendant did not appear and after a trial the judgment was ren-dered.

The Court found:

"* * * from the evidence that on February 20, 1957, the automobile owned by Defendant Cambron was completely demolished in a collision with a truck owned by Joe D. Hughes, Inc., and that defendant was the insur-ance carrier at the time for said Joe D.

Hughes, Inc. That at the time of the collision the said plaintiff had valid and subsisting chattel mortgage lien on the automobile owned by Cambron in the sum of $162.50, which was duly reflected on the Certificate of Title to said automobile owned by Cambron, and that same fully complied with the Texas Certificate of Title Act. That as a result of said demolition of the Cambron car, defendant paid to Cambron the sum of $200.00, as evidenced by its check cashed by Cambron, and in complete disregard of plaintiff's valid chattel mortgage lien outstanding at the time. The defendant paid plaintiff nothing."

The Court concluded as a matter of law that the mortgage lien was reflected by the certificate of title and that defendant by ignoring plaintiff's lien converted the property by paying Cambron instead of plaintiff.

There is no support in the record for the judgment. Rules 67, 301, Texas Rules of Civil Procedure.

This case appears to us to have been tried on a wrong theory by both parties.

 There can be no "conversion" since

"Conversion is an unauthorized act of dominion exercised by one person over personal property belonging to another in denial of or inconsistent of his right. Tex.Jur.Supp.1959 Pocket Part, p. 180, Sec. 2. Bradley v. McKinzie ([Tex.] Civ.App.1950) 226 S.W.2d 458, rehearing denied. * * * Minter v. Sparks ([Tex.] Civ.App. 1951) 246 S.W.2d 954, reh. den., error ref."

■ If recovery is to be had such must be on contract based on the insurance policy's terms as to a loss clause, if any, contained in the policy issued by American General Insurance Company to Joe D. Hughes, Inc., under which the payment of $200 was paid to Cambron.

"A mortgagee has an insurable interest in the mortgaged property entirely separate and distinct from that of the mortgagor to the extent of the debt secured, 'regardless of any other security he may hold.'" National Reserve Ins. Co. v. McCrory, Tex.Civ. App., 160 S.W.2d 972, 974.

Insurance Law and Practice, Appleman, Vol. 5, Sections 3367, 3368 and 3401.

As above stated the case was plead and tried upon an erroneous theory and the rights and liabilities of the parties adjudicated upon an erroneous theory. The judgment should be reversed and the cause remanded. Cretien v. Kincaid, Tex.Civ. App., 84 S.W.2d 1094, affirmed 130 Tex. 513, 111 S.W.2d 1098.

The judgment of the Trial Court is reversed and the cause remanded.

Reversed and remanded.